**WILSHIRE OIL COMPANY OF TEXAS, a corporation, Appellant,**

v.

**L. E. RIFFE, Appellee.**

**No. 10049.**

United States Court of Appeals Tenth Circuit.

Feb. 4, 1969.

Rehearing Denied March 17, 1969.

Richard H. Shaw, Denver, Colo. (Leland E. Modesitt, of Modesitt & Shaw, Denver, Colo., and Robert J. Woolsey, of Farmer, Woolsey, Flippo & Bailey, Tulsa, Okl., of counsel, with him on the brief), for appellant.

David M. Thornton, Tulsa, Okl. (Thornton, Stamper & Dalton, and Ger-

ald G. Stamper, Tulsa, Okl., with him on the brief), for appellee.

Before PHILLIPS, HILL, and SETH, Circuit Judges.

SETH, Circuit Judge.

This is an appeal by the plaintiff-appellant from a portion of the judgment of the trial court in this action which was commenced by the plaintiff corporation against one of its former corporate officers. The suit was to recover profits made by the corporate officer by participating in competitive enterprises, in receiving personally commissions for corporate construction work, and to recover the compensation paid to the officer by the corporation during the period he was interested in a competitive corporation.

This is the second appeal. This court on the first appeal reversed and remanded the case, holding that the defendant had breached his duty to the corporation and had engaged in activities contrary to the terms of his contract of employment (Wilshire Oil Co. of Texas v. Riffe, 381 F.2d 646). On remand the trial court entered judgment on the claims for recovery of the profits made through participating in a competitive corporation, but denied the corporation recovery of the compensation it paid to the defendant for this period.

The nature and extent of the fiduciary duties owed by a corporate officer to the corporation he serves have been long established. This matter was considered at some length in the previous opinion in this case as it related to these facts and need not be repeated here. As stated in the first opinion the acts of the appellee also constituted a breach of his contract of employment. On the prior appeal all the basic and determinative issues were thus decided.

█ When a corporate officer engages in activities which constitute a breach of his duty of loyalty, or if it is a wilful breach of his contract of employment, he is not entitled to compensation for services during such a period of time although part of his services may have been properly performed. In the Restatement (Second), Agency § 469 the above doctrine is set forth, and this is followed by the comment which states in part:

"An agent, who, without the acquiescence of his principal, acts for his own benefit or for the benefit of another in antagonism to or in competition with the principal in a transaction is not entitled to compensation which otherwise be due him."

The comment continues and states that the agent is not entitled to compensation although the acts may not actually harm his principal and even if he thinks his actions will benefit the principal or he is otherwise "justified" in "so acting." See also Fletcher, Corporations (Perm. Ed.) § 2145; J. C. Peacock, Inc. v. Hasko, 196 Cal.App.2d 353, 16 Cal.Rptr. 518, 88 A.L.R.2d 1430; United States v. Bowen, 290 F.2d 40 (5th Cir.).

█ This rule is applicable to the case before us, and it is not necessary to again describe the several breaches of duty involved which were clearly established in the record. The record shows, as to one of the principal events, that the failure commenced on or before May 31, 1962, and continued to the end of the year when the officer's employment terminated. It was then also that the particular division which he was responsible for was sold by the corporation. The record thus sets out the period of this violation, and this is sufficient to apply the above doctrine. Thus we hold that the appellee was not entitled to compensation of any kind from May 31, 1962, to December 31, 1962.

The appellee argues that the corporate division he was responsible for made money during the period in question, and that the division was itself sold at a profit to appellant corporation. However, under the authorities or on any other basis, this is no answer to the established violation of duty. The fact that the division may have made money does not prove that no breach took place nor does

it excuse one any more than a failure to make money demonstrates a breach of duty. The same may be said about whether the officer considered that he was acting properly or in good faith.

The case is reversed and remanded to the trial court with directions to enter judgment for appellant against appellee in an amount equal to seven-twelfths of all compensation (both salary and bonus) paid to appellee for services during the calendar year 1962. This judgment is not to include any pre-judgment interest, as we hold that the damages were unliquidated within the meaning of the Oklahoma state decisions.

Reversed and remanded.