**In re O.P.M. LEASING SERVICES, INC., Debtor.**

**James P. HASSETT, as Trustee of O.P. M. Leasing Services, Inc., Plaintiff,**

v.

**Allen GANZ, Defendant.**

**Bankruptcy No. 81 B 10533.
Adv. No. 82–5730A.**

United States Bankruptcy Court, S. D. New York.

July 16, 1982.

---

Zalkin, Rodin & Goodman, New York City, for James P. Hassett as Chapter 11 Trustee of O.P.M. Leasing Services, Inc.

Kasanof, Schwartz, Iason, New York City, for defendant.

## DECISION ON DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND FOR A MORE DEFINITE STATEMENT AS TO THE SECOND CLAIM FOR RELIEF

BURTON R. LIFLAND, Bankruptcy Judge.

Defendant Allen Ganz ("Ganz") moves this Court to dismiss the complaint and for alternative relief in the instant action brought by the Chapter 11 Trustee in Bankruptcy of O.P.M. Leasing Services, Inc. ("O. P. M.") ("the Trustee"). This action is based on Ganz' alleged faithless conduct while employed by O.P.M. Ganz bases his motion for dismissal on the lack of subject matter jurisdiction of this Court. Alternatively, Ganz alleges that the first cause of action fails to state a claim upon which relief can be granted and moves for a more definite statement regarding the second claim for relief.

On March 11, 1981, O.P.M. filed a voluntary petition in this Court under Chapter 11 of Title 11 U.S.Code. Thereafter, by order dated March 23, 1981, this Court directed the United States Trustee for this district to appoint a Trustee for O.P.M. pursuant to 11 U.S.C. § 151104. The Trustee was so appointed, has duly qualified and is the acting Trustee in this case.

On or about December 7, 1981, Ganz, a former Vice President of O.P.M., pleaded guilty to an information of the United States Attorney, charging him with mail and wire fraud and making false statements to lending institutions to induce them to purchase notes from O.P.M. secured by fictitious and false leases. The Trustee alleges that as a direct consequence of Ganz' actions in concert with other O.P.M. officers, O.P.M. was delayed in seeking the protection of the bankruptcy court, its debts were substantially increased, and it became liable for fraud and other torts.

In his complaint, the Trustee alleges two causes of action grounded in state law. The first claim for relief requires Ganz to repay to the Trustee salary and other payments which he received from O.P.M. during the period of his employment as an officer, and is based upon his faithless conduct and breach of his fiduciary duty to O.P.M.

The second claim for relief is for an accounting and turnover to the Trustee of monies and other property belonging to O.P.M. and allegedly converted by Ganz from O.P.M. securities accounts.

For the reasons hereinafter detailed, I deny defendant's motion to dismiss and for alternative relief.[1]

## DISCUSSION OF LAW

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant predicates his motion to dismiss for lack of subject matter jurisdiction in this Court on the unconstitutionality of 28 United States Code Section 1471. Section 1471 gives the bankruptcy court jurisdiction over all civil proceedings "arising under title 11 or arising in or related to cases under title 11". See 28 U.S.C. § 1471 (Supp. IV 1980).

The United States Supreme Court has recently ruled on this very issue in Northern Pipeline Construction Co. v. Marathon Pipeline Co., —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598, 1982. In a plurality opinion, the Court in Northern Pipeline held that Section 1471 does indeed confer an unconstitutionally broad grant of jurisdiction on the bankruptcy court in violation of Article III of the Constitution. However, it is not necessary at this time for the Court to explore the justifications for and nuances and ramifications of this landmark decision because the Supreme Court therein expressly provided that my actions, as well as those of my brethren bankruptcy judges, must not at this time be governed by the holding of unconstitutionality in Northern Pipeline. On page ——, 102 S.Ct. at 2880 of the plurality opinion, Justice Brennan stated:

"The judgment of the District Court is affirmed. However, we stay our judgment until October 4, 1982. This limited stay will afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without imparing the interim administration of the bankruptcy laws" (citations omitted)

Northern Pipeline, supra at ——, 102 S.Ct. at 2880.

In so stating, Justice Brennan stayed in full the finding of unconstitutionality of

1. In his motion papers, Ganz also contends that this Court should either dismiss or abstain from hearing this case based upon what he alleges is the "improper purpose" of the Trustee in bringing this suit. Ganz alleges that the instant law suit was brought solely as an instrument of coercion to extract information from him and punish him for the Trustee's perception of his failure to cooperate with the Trustee's investigation.

However, Ganz has not made a showing that the complaint was brought for any improper purpose. The charges he levels appear to be merely self-serving declarations unsupported by factual evidence.

There is nothing inherently improper in a trustee conditioning the exercise of his right to assert a claim against one who allegedly owes a debt to an estate, or in compromising such a claim in exchange for cooperation and information which would assist the Trustee in reaching substantial assets and property belonging to the debtor. A threat to do that which one has a legal right to do does not constitute duress or fraud. Bachorick v. Allied Control Co., 34 A.D.2d 940, 312 N.Y.S.2d 272 (1st Dep't 1970).

Moreover, Ganz' reliance on Jewel Terrace Corp. v. Kew Gardens Tenants League, 3 B.R. 36, 6 B.C.D. 28 (Bkrtcy.E.D.N.Y.1980) is misplaced. In Jewel, the bankruptcy court abstained from jurisdiction of an adversary proceeding concerning the surrender of rents between the debtor-in-possession and a tenants' association based upon the Court's findings that

(a) the controversy had been litigated in the Housing Court and that Court's supervision was still in effect;

(b) the debtor and its counsel had failed to disclose the pendency of the Housing Court proceeding and did not appear to be acting in good faith;

(c) the Court believed that the purpose in filing the Chapter 11 proceeding was to oust the state court of jurisdiction; and

(d) that all of the elements of a real estate "scam" were present.

The findings in Jewel can in no way be equated with this case. In fact, the court in Jewel stated.

...Of course, if the issue were to be presented ab initio, without the involvement of a court of original and competent jurisdiction, this court would have no hesitancy in presiding over and deciding the issue giving due consideration to the applicable state and municipal law....

Id. at 40.

Because this is the court of original jurisdiction and the claims brought by the Trustee are for a legitimate stated purpose, neither the dismissal of this case nor the exercise of this Court's discretion to abstain under 28 U.S.C. § 1471(d) (Supp. IV 1980) is appropriate herein.

Section 1471 until the earlier of October 4, 1982 or an Act of Congress correcting the constitutional deficiency. The concurring opinion by Justices Rehnquist and O'Connor also joins in this result regarding the stay of the Supreme Court's judgment. *See Northern Pipeline, supra* at ——, 102 S.Ct. at 2863 (Rehnquist, J. and O'Connor, J. concurring).

Justice Brennan, writing for the plurality in *Northern Pipeline*, cites earlier Supreme Court cases as support for the staying of a finding of unconstitutionality. *See, e.g., Buckley v. Valeo*, 424 U.S. 1, 143, 96 S.Ct. 612, 693, 46 L.Ed.2d 659 (1976); *Fortson v. Morris*, 385 U.S. 231, 87 S.Ct. 446, 17 L.Ed.2d 330 (1966).

In *Buckley*, the Supreme Court held that the Federal Election Commission as then constituted was an unconstitutional federal adjudicative body because it was not comprised of "officers of the United States" nominated by the President. *Buckley, supra* 424 U.S. at 141, 96 S.Ct. at 692. Nevertheless, the Court stayed the totality of the effect on an interim basis. It stated:

> "[W]e stay, for a period not to exceed 30 days, the Court's judgment insofar as it affects the authority of the Commission to exercise the duties and powers granted it under the Act."

*Buckley, supra* 424 U.S. at 143, 96 S.Ct. at 693.

The Court in *Buckley* based its stay upon the need to prevent interruption of orderly enforcement of a federal act. The Court continued: "This limited stay will afford Congress an opportunity to reconstitute the Commission by law or to adopt other valid enforcement mechanisms without interrupting enforcement of the provisions the Court sustains, allowing the present Commission in the interim to function *de facto* in accordance with the substantive provisions of the Act." *Id.*

In *Fortson v. Morris, supra,* the Supreme Court reinforced its earlier holding in *Toombs v. Fortson*, 384 U.S. 210, 86 S.Ct. 1464, 16 L.Ed.2d 482 (1966). In *Toombs,* the Court had affirmed without opinion the district court's holding that the then constitut-ed apportionment of the Georgia State Assembly was unconstitutional. *See Toombs v. Fortson*, 241 F.Supp. 65, 71 (N.D.Ga. 1965). In addition, the Supreme Court in *Toombs* affirmed the district court's decision to withhold action concerning this unconstitutionality until May 1, 1968 to allow the State Assembly a reasonable period to study the practical effects of the deficient plan so as to rectify this unconstitutionality.

In *Fortson v. Morris, supra,* the Court invalidated a challenge to the action of the Assembly in deciding the election of the Governor of Georgia, which election took place after the decision in *Toombs.* The Court in *Fortson v. Morris* held that because it had previously affirmed a withholding of action on a finding of constitutional defect in *Toombs,* the action of the Georgia Assembly after the finding of unconstitutionality was valid. *Fortson v. Morris*, 385 U.S. 231, 235, 87 S.Ct. 446, 449, 17 L.Ed.2d 330 (1966).

■ Similarly, the Court in *Northern Pipeline* has stayed all effect of its declaration of the unconstitutionality of Section 1471 in order to allow a smooth and orderly interim administration of the bankruptcy laws while Congress rectifies the asserted deficiency. *See Northern Pipeline, supra* 424 U.S. at 38, 96 S.Ct. at 644.

Accordingly, this Court is bound by the stay imposed by the Court in *Northern Pipeline* and will therefore exercise the full breadth of its authority under Section 1471 during this interim period. To grant defendant's motion to dismiss would fly in the face of that Supreme Court mandate directed at orderly administration and open the floodgates of the courthouse to a deluge of similar disruptive motions during this interim period.

Judge Motley articulated this same concern in her recent opinion in *Ganz v. Lifland*, 82 Civ. 390, (S.D.N.Y. June 25, 1982), a related case where the defendant herein sued for a preliminary and permanent injunction to prohibit this Court from conducting any proceedings in the instant case. In this opinion, Judge Motley denied Ganz'

request for a preliminary injunction. In so doing, she analyzed the hardships that the bankruptcy courts would suffer if injunctive relief were granted. She stated:

"[Preliminary injunctive relief] would likely cause many other parties in cases before Judge Lifland (and other bankruptcy judges) to file similar motions in the hope of being granted similar relief, thus burdening him (and other bankruptcy judges) with having to respond to numerous injunctive actions. The court notes that these actions would likely be a burden on the district courts as well."

*Ganz v. Lifland, supra* at 7.

Therefore, I deny without prejudice defendant Ganz' motion to dismiss the complaint herein based on the lack of subject matter jurisdiction of this Court. This denial without prejudice will allow Ganz to reassert this motion to dismiss depending upon Congress' actions during the interim period.

## II.  *Motion to Dismiss the First Claim*

■  Alternatively, defendant Ganz has moved to dismiss the first cause of action. Ganz alleges that this first claim for relief requiring him to pay back salary and other payments he received from O.P.M. because of his faithless conduct and breach of fiduciary duty is an unprecedented extension of the faithless employee doctrine. For the reasons I will detail in full, this Court finds that plaintiff's first cause of action does indeed state a claim.

■  Motions to dismiss for failure to state a claim under Rule 12(b)(6), which applies in bankruptcy matters pursuant to Bankruptcy Rule 712, must be granted only where it appears with certainty that no set of facts could be proven at trial which would entitle a plaintiff to any relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Dioguardi v. Durning,* 139 F.2d 774 (2d Cir. 1944). *See also Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (reaffirming *Conley v. Gibson* ).

■  It is well-established law in New York that a faithless employee's breach of his fiduciary duties to his corporation forfeits his rights to compensation for services rendered by him, *Lamdin v. Broadway Surface Advertising Corp.,* 272 N.Y. 133, 5 N.E.2d 66 (1936), and if he is paid without knowledge of his disloyalty, he may be compelled to return what he has improperly received. *See, e.g., Defler Corporation v. Kleeman,* 19 A.D.2d 396, 404, 243 N.Y.S.2d 930 (1963), *aff'd,* 19 N.Y.2d 694, 278 N.Y. S.2d 883, 225 N.E.2d 569 (1967); *Wechsler v. Bowman,* 285 N.Y. 284, 34 N.E.2d 322 (1941), *reh'g denied,* 286 N.Y. 582, 35 N.E.2d 930; Restatement (Second) Agency § 469.

In *Wilshire Oil Company of Texas v. Riffe,* 406 F.2d 1061 (10th Cir. 1969), the Tenth Circuit reiterated this established principle, holding that a corporate officer was not entitled to compensation for his services to the corporation during a period of breach of his duty of loyalty to the corporation, even though the corporate division he was responsible for made money during the period and that division was sold at a profit. *Id.* at 1062–63. *See also* N.Y. Bus.Corp.Law § 720 (McKinney 1981) (providing that an action for an accounting may be brought against a director or officer for his misconduct); *Matter of Arlan's Dep't Stores, Inc.,* 615 F.2d 925 (2d Cir. 1979) (where the Second Circuit held that all legal fees paid to counsel could be recovered based on counsel's breach of its fiduciary duty to the Court); 3A *Collier on Bankruptcy* ¶ 62.05 at 1431 (14th Ed. 1976).

■  In addition, it is unequivocal that a trustee in bankruptcy has standing to bring an action for such a violation of his fiduciary duties under state law. *See Bush v. Masiello,* 55 F.R.D. 72 (S.D.N.Y.1972).

The only case cited by defendant Ganz for the proposition that salary may not be recovered on a cause of action founded in breach of fiduciary duty is *Hadden v. Con Edison Co.,* 34 N.Y.2d 88, 356 N.Y.S.2d 249 (1974). This case is totally inapposite. The Court in *Hadden* based its holding that a former employee of defendant had not forfeited his right to receive pension benefits

upon the provisions of the specific pension plan at issue. This pension plan did not authorize termination of benefits after retirement and provided that no amendment or modification should retroactively adversely affect an employee's benefits under the plan.

In *Hadden*, the Court noted that although there was no language in the plan expressly conditioning payments upon an employee's performing honestly and loyally, these could be regarded as a constructive condition. *Id.* at 96, 356 N.Y.S.2d 249. Nevertheless, the Court held that on balance, Hadden's mostly faithful performance of his duties as an employee for 37 years had not been sufficiently impaired by his disloyalty during the latter years to excuse defendant's obligation to pay him pension plan benefits.

The instant case is distinguishable in that the salary benefits at issue are not governed by an express contract prohibiting their forfeiture. In addition, the Trustee has adequately pleaded that faithless, illegal activities contributed substantially to enormous losses by O.P.M.'s creditors and eventually to the downfall of O.P.M.

Moreover, Ganz claims that *Hadden, supra,* is important because of the trial court's dismissal without opinion of the employer's claim that by his conduct, Hadden had forfeited his right to retain salary paid him for the last 17 months of his employment. This dismissal was affirmed without opinion by the Appellate Division, 40 A.D.2d 766 (1972), and the defendant did not choose to appeal this issue to the Court of Appeals.

Ganz' reliance on this dismissal is misplaced. An examination of the trial court's opinion per Justice Carney, Index No. 13587/71 in Special Term, Part I, Supreme Court, New York County dated March 29, 1972, a copy of which is annexed to the Trustee's brief as Exhibit A, reveals that Justice Carney was in full accord with the general rule cited in *Defler, supra,* that an employee whose actions are disloyal to the interests of his employer forfeits his right to compensation for the services he rendered. It was merely because the employer in *Hadden* had indicated that he was not seeking affirmative recovery, a fact clearly not present herein, that the Court in *Hadden* denied the employer recovery. *See* opinion at 14–15, Carney, J.

Accordingly, because the Trustee has pleaded all of the essential elements of a cause of action for breach of fiduciary duty, which action is wholly cognizable under New York law, defendant's motion to dismiss plaintiff's first cause of action is denied.

### III. *Defendant's Motion for a More Definite Statement as to the Second Claim*

Defendant's motion for a more definite statement as to plaintiff's second claim pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, as applied in bankruptcy matters by Bankruptcy Rule 712(b), must be denied.

The Trustee's second claim for relief is for an accounting and turnover of monies and other property belonging to O.P.M. and allegedly converted by Ganz from O.P.M. securities accounts. Ganz complains that this second claim fails to identify or describe the property converted, indicate when it was converted, or describe the securities accounts.

Rule 12(e) provides in relevant part:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his response."

In applying this Rule, courts have generally held that if the pleading in question meets the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted. *See, e.g., Hodgson v. Virginia Baptist Hospital, Inc.,* 482 F.2d 821 (4th Cir. 1973); *Fairmont Foods Co. v. Manganello,* 301 F.Supp. 832 (S.D.N.Y.1969); 2A Moore's Federal Practice ¶ 12.18 at 2389 (1982).

Fed.R.Civ.P. 8(a) provides in pertinent part:

"A pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief to which he deems himself entitled. . . ."

 The purpose of this rule is to permit a simplified complaint sufficient merely to give fair notice of a claim. *See Conley v. Gibson*, 355 U.S. at 47, 78 S.Ct. at 102. The modern philosophy of federal pleading requires only a general summary of a claim, not the pleading of facts and detail. Rule 12(e) is thus "designed to strike at unintelligibility rather than want of detail." *Juneau Square Corp. v. First Wisconsin National Bank of Milwaukee*, 60 F.R.D. 46 (E.D.Wis.1973). *Accord, United States v. Board of Harbor Commissioners*, 73 F.R.D. 460 (D.Del.1977).

"The tendency under the Federal Rules is to discourage motions to compel more definite complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the pleadings." *Stromillo v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 54 F.R.D. 396, 397 (E.D.N.Y.1971). *Accord, New Home Appliance Center, Inc. v. Thompson*, 250 F.2d 881, 883–84 (10th Cir. 1957); *United States v. Anchor Line, Ltd.*, 232 F.Supp. 379 (S.D.N.Y.1964). To be sure, there is a requirement of particularized pleading mandated by Fed.R.Civ.P. 9(b). However, that requirement is reserved for averments of fraud or mistake.

The Trustee's second claim against Ganz for an accounting and turnover notifies Ganz that it is grounded upon his alleged conversion of money and property from O.P.M. securities accounts. It is wholly intelligible and capable of a proper responsive pleading by Ganz in its present form. If Ganz is without knowledge as to any allegation, he can so state and he can either deny or admit those allegations of which he does have knowledge.

Accordingly, I deny the defendant's motion for a more definite statement as to the second cause of action.

## CONCLUSION

Based upon the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction is denied without prejudice to its reassertion depending upon Congress' actions between now and October 4, 1982. In addition, defendant's motions for alternative relief, to dismiss the first claim for failure to state a claim and for a more definite statement regarding the second claim, are denied.

It is SO ORDERED.