2015 OK CIV APP 19

**Phillip ESTRADA, Plaintiff/Appellant,**

v.

**Dennis KRIZ, Hodges Transport, Mid-America Pallett, LLC, et al., Defendants/Appellees.**

**No. 112,453.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Jan. 29, 2015.

---

Robert V. Seacat, Seacat Law, Tulsa, Oklahoma, for Plaintiff/Appellant.

Kenneth L. Brune, Brune Law Firm, Tulsa, Oklahoma, for Defendants/Appellees.

DEBORAH B. BARNES, Judge.

¶ 1 Plaintiff/Appellant Phillip Estrada (Estrada) appeals the trial court's Order granting the motion to dismiss of Defendants/Appellees Dennis Kriz, Hodges Transport, Mid–America Pallet, LLC, et al. (collectively, Defendants). Defendants moved for dismissal "based upon [Estrada's] failure to plead [fraud] with particularity, the Doctrine of Laches and the Doctrine of Equitable Estop-

pel." Based on our review, we conclude Estrada's veil-piercing theory is not subject to dismissal on the basis of any failure to plead fraud with particularity; Estrada has successfully stated a claim which would entitle him to relief under the Uniform Fraudulent Transfer Act, 24 O.S.2011 §§ 112–123; and the equitable doctrines asserted in the motion to dismiss are inappropriate bases upon which to dismiss the petition. Consequently, we reverse the trial court's Order granting the motion to dismiss, and we remand for further proceedings.

## BACKGROUND

¶ 2 Estrada filed a petition in October, 2012, alleging that in April, 2009, a judgment was entered in his favor "and against Port City Properties, d/b/a Hodges Warehouse...." Estrada alleged that the judgment was entered "in the total amount of $127,014.17, plus statutory costs," but that in 2011, on appeal from that judgment, the Oklahoma Supreme Court affirmed in part and reversed in part, "leaving intact the judgment for actual damages ... and reversing the punitive damages award," and leaving a "total remaining judgment ... [of] $108,616.17," plus post-judgment interest.

¶ 3 Estrada asserted in his petition that, during his attempt to collect this judgment from Port City Properties, d/b/a Hodges Warehouse,

Dennis Kriz testified at an asset hearing before this Court [in April, 2010,] that the business entity, Port City Properties, d/b/a Hodges Warehouse, no longer had any assets, accounts or employees, and that Hodges Warehouse was conducting business under the business entities, Hodges Transportation, LL[C] and Mid–America Pallet, LLC.

9. Mr. Kriz also testified at the asset hearing that the business of Port City Properties, d/b/a Hodges Warehouse, was intermingled with the business of Hodges Transportation, LLC.

10. That the assets and former business operations of Hodges Warehouse that were conducted under the business name of Port City Properties, d/b/a Hodges Warehouse, have been transferred either post-petition or post-judgment to other entities, including but not limited to Hodges Transportation, LLC, Mid–America Pallet, LLC and/or other entities in an effort to avoid paying [Estrada's] judgment.

¶ 4 Estrada requested that the court "pierce the corporate veil" of Port City Properties, and hold Dennis Kriz personally liable for the April, 2009 judgment "for his operating other corporate entities as the alter ego of Port City Properties, d/b/a Hodges Warehouse, in order to avoid the judgment."

¶ 5 Estrada also asserted that Dennis Kriz violated "the Uniform Fraudulent Transfer Act" by "caus[ing] the transfer of the assets of Port City Properties, d/b/a Hodges Warehouse, to other corporate entities that he controls or owns a majority stake in ... with the intent and purpose to hinder, delay and/or defraud [Estrada] as the judgment creditor...."

¶ 6 In their answer, Defendants admitted that Kriz "provided testimony at an asset hearing," but denied "any inference or interpretation ... to the extent they support [Estrada's] claims." They requested that Estrada take nothing by way of his petition, and they set forth various affirmative defenses.

¶ 7 In January, 2013, Defendants filed a motion to dismiss claiming Estrada failed to plead fraud with particularity, and also claiming his theories are barred by the doctrines of laches and equitable estoppel. Defendants argue that Estrada's theories of (1) "Pierc[ing] the Corporate Veil," and (2) "Violati[ng] ... the Fraudulent Transfer Act," are theories of fraud and, therefore, Estrada was required to state with specificity "the time, place and contents of the fraudulent action," together with "the identity of the party making the fraudulent action and the consequences arising from the fraudulent conduct," in order to satisfy the requirements of 12 O.S. Supp.2013 § 2009(B).

¶ 8 Defendants also argue Estrada's action is barred by the doctrines of laches and equitable estoppel because, "[a]t a minimum, Estrada was aware that he intended to claim fraudulent transfer of assets as of the time of the asset hearing on April 28, 2010," but allegedly took "no further action to enforce

his Judgment against Port City Properties or to assert claims against [Defendants]" until the filing of the petition in this case in October, 2012.

¶ 9 Defendants did not attach any evidentiary materials to their motion to dismiss or otherwise seek to convert it to a summary judgment motion. Nevertheless, after Estrada filed his response and objection to the motion to dismiss, Defendants filed a reply in which they argue that Estrada failed to "dispute a single Statement of Fact as set forth in the Motion to Dismiss...." They further state that "Estrada offers NO evidence or arguments to dispute the facts set forth in the Motion to Dismiss...."

¶ 10 In its Order filed in December, 2013, the trial court granted the motion to dismiss without oral argument, and without setting forth the basis of its decision. From the Order, Estrada appeals.

## STANDARD OF REVIEW

¶ 11 Motions to dismiss are generally viewed with disfavor, and the burden of demonstrating a petition's insufficiency— placed on the party moving for dismissal—is not a light one. *Fanning v. Brown*, 2004 OK 7, ¶ 4, 85 P.3d 841. When reviewing a motion to dismiss, this Court exercises *de novo* review. *Wilson v. State ex rel. State Election Bd.*, 2012 OK 2, ¶ 4, 270 P.3d 155.[1] When reviewing a motion to dismiss, this Court examines only the controlling law, not the facts, and, thus, this Court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them. *Id.* "A pleading must not be dismissed for failure to state a legally cognizable claim *unless* the allegations indicate *beyond any doubt* that the litigant can prove no set of facts which

would entitle him to relief." *Fanning*, ¶ 4 (citation omitted). In addition, "interpretation of statutory law presents a question of law and statutes are construed to determine legislative intent in light of the general policy and purpose that underlie them." *Troxell v. Okla. Dep't of Human Servs.*, 2013 OK 100, ¶ 4, 318 P.3d 206 (citation omitted).

## ANALYSIS

### I. The Requirement of Particularity

¶ 12 Title 12 O.S.2011 § 2009(B) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."[2] The Oklahoma Supreme Court has explained that "allegations of fraud must be stated with sufficient particularity to enable the opposing party to prepare his/her responsive pleadings and defenses. *Particularity* does not mean the plaintiff has to plead detailed evidentiary matters." *A–Plus Janitorial & Carpet Cleaning v. Employers' Workers' Comp. Ass'n*, 1997 OK 37, ¶ 35, 936 P.2d 916 (citation omitted) (footnotes omitted). Section 2009(B) "requires specification of the *time, place and content* of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." *Gianfillippo v. Northland Cas. Co.*, 1993 OK 125, ¶ 11, 861 P.2d 308 (citation omitted).

¶ 13 "[T]he particularity requirement extends to all averments of fraud, regardless of the theory of legal duty—statutory, tort, contract or fiduciary." *Gay v. Akin*, 1988 OK 150, ¶ 8, 766 P.2d 985 (footnote omitted). For example, in *Akin* the plaintiff filed suit

---

1. Although we do not know the precise basis of the trial court's decision, we note that the Oklahoma Supreme Court, in *Gay v. Akin*, 1988 OK 150, ¶ 6 n. 13, 766 P.2d 985, stated that a dismissal based upon "failure to plead fraud with sufficient particularity, as required by ... 2009(B), is treated as a dismissal for failure to state a claim." Appellate courts also review *de novo* a district court's dismissal for failure to state a claim. *Miller v. Miller*, 1998 OK 24, ¶ 15, 956 P.2d 887.

2. We note that the Comprehensive Lawsuit Reform Act of 2009—of which 12 O.S.2011 § 2009(B) (i.e., as amended in 2009 and effective November 1, 2009) was a part—was held unconstitutional in its entirety in *Douglas v. Cox Retirement Properties, Inc.*, 2013 OK 37, 302 P.3d 789. However, *Douglas* was decided after the filing of the petition in this case, and, in addition, the exact language contained in 12 O.S.2011 § 2009(B) was reenacted in September, 2013, and is found in 12 O.S. Supp.2014 § 2009.

against members of a board of directors of a financial institution. She alleged they misrepresented the financial institution as a public banking corporation (with, inter alia, deposit insurance) and that, through advertisements, they lured her into depositing her savings at the bank. Plaintiff sought recovery for these misrepresentations based on theories of common-law fraud, and also based on a statutory provision authorizing an action for fraud and deceit upon the public. Although one of her theories was derived from the common law, and the other from statutory law, because both theories were based on fraud or contained fraud as a necessary element, the requirements of 2009(B) applied to each theory.

¶ 14 However, an averment of fraud does not exist merely because the modifier "fraudulent" is used. Black's Law Dictionary (9th ed.2009), defines fraud, in pertinent part, as

[a] knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment.... 2. A misrepresentation made recklessly without belief in its truth to induce another person to act. 3. A tort arising from a knowing misrepresentation, concealment of material fact, or reckless misrepresentation made to induce another to act to his or her detriment.

In Oklahoma,

[t]he elements of fraud are: 1) a false material misrepresentation, 2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied on by the other party to his or her own detriment.

*Lopez v. Rollins,* 2013 OK CIV APP 43, ¶ 12, 303 P.3d 911 (citation omitted).

¶ 15 Accordingly, an averment of fraud only exists where there is some "false

suggestion or suppression of the truth"—some false representation—by which one "can get advantage over another," *Croslin v. Enerlex, Inc.,* 2013 OK 34, ¶ 11, 308 P.3d 1041, made with the intention that it be acted upon. More exactly, fraud is "a generic term" that "is divided into actual fraud and constructive fraud." *Patel v. OMH Med. Ctr., Inc.,* 1999 OK 33, ¶ 34, 987 P.2d 1185 (footnotes omitted). "To be actionable, both actual fraud and constructive fraud require detrimental reliance by the person complaining," *Howell v. Texaco Inc.,* 2004 OK 92, ¶ 32, 112 P.3d 1154 (citation omitted), and even constructive fraud—although it "does not necessarily involve any moral guilt, intent to deceive, or actual dishonesty of purpose"—requires a misrepresentation (although the misrepresentation may consist of remaining silent when one has the duty to speak) that "gains an advantage for the actor by misleading another to his prejudice," *Patel,* ¶ 34 (footnote omitted).[3]

### A. Piercing the Corporate Veil

¶ 16 Estrada seeks to pierce the corporate veil based on allegations that, inter alia, Dennis Kriz operated other corporate entities as the alter ego of Port City Properties, d/b/a Hodges Warehouse, in order to avoid the judgment. The particularity requirement does not apply to a theory seeking to pierce the corporate veil *unless* it rests on an averment of fraud (or mistake). In *Fanning,* 2004 OK 7, 85 P.3d 841, the plaintiff asserted a theory seeking to pierce the corporate veil and hold the shareholders of a corporate entity individually liable for the obligations and conduct of that entity. The plaintiff alleged

the shareholders used the corporate entity to defeat the public policy of protecting a resident [of a nursing home] from neglect and abuse, that they failed to secure and maintain liability insurance, and that they allowed [the corporate entity] to become

---

**3.** We note that the particularity requirement may not apply in the same manner or degree to averments of constructive fraud. *See Union Nat. Bank of Little Rock v. Farmers Bank, Hamburg, Ark.,* 786 F.2d 881, 886 n. 6 (8th Cir.1986) ("[T]he degree of particularization required for a complaint alleging active fraud may be totally

inappropriate in an action involving constructive fraud.") (citation omitted). *See also DLJ Mortgage Capital, Inc. v. Kontogiannis,* 594 F. SupP.2d 308, 330 (E.D.N.Y.2009) ("Neither of these constructive fraud theories need be pleaded with particularity to survive a motion to dismiss.").

suspended from doing business within the state. She also argued that the public policy of protecting elderly residents is a compelling or overriding reason to disregard the corporate entity and pierce the corporate veil.

*Id.* ¶ 17.

¶ 17 The *Fanning* Court first explained as follows:

Generally, a corporation is regarded as a legal entity, separate and distinct from the individuals comprising it. However, the notion of a corporation's legal entity, apart from the persons composing it, is introduced for convenience and to serve the ends of justice. Accordingly, Oklahoma has long recognized the doctrine of disregarding the corporate entity in certain circumstances. Courts may disregard the corporate entity and hold stockholders personally liable for corporate obligations or corporate conduct under the legal doctrines of fraud, alter ego and when necessary to protect the rights of third persons and accomplish justice.... *Frazier v. Bryan Memorial Hosp. Authority,* 1989 OK 73, ¶ 16, 775 P.2d 281, 288 (if one corporation is simply the instrumentality of another corporation, the separation between the two may be disregarded and treated as one).

*Id.* ¶ 16 (citations omitted). The *Fanning* Court then stated that, "[s]ince this case does *not* involve fraud or mistake, [the plaintiff] was *only required to set forth a short and plain statement of her claims* so that the defendants would have fair notice of what [the plaintiff's] claims were and the grounds upon which they rest." *Id.* ¶ 21 (emphasis added).

¶ 18 As quoted above, the *Fanning* Court specifically listed "the legal doctrines of fraud [and] alter ego" as distinct theories. As stated by a separate division of this Court, "[a]lthough several cases have discussed fraud as a potential basis for ignoring

formal corporate identity, it is not necessary for fraudulent intent to be present for the alter ego theory to be applied to pierce the corporate veil." *Pennmark Res. Co. v. Okla. Corp. Comm'n,* 2000 OK CIV APP 63, ¶ 17, 6 P.3d 1076 (citations omitted).

¶ 19 A brief review of federal jurisprudence is also instructive in this regard.[4] "The tendency under the Federal Rules is to discourage motions to compel more definite complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the pleadings"—the "requirement of particularized pleading" set forth in Rule 9(b) "is reserved for averments of fraud or mistake." *In re O.P.M. Leasing Servs., Inc.,* 21 B.R. 986, 993 (Bankr.S.D.N.Y.1982). In *In re Suprema Specialties, Inc. Securities Litigation,* 438 F.3d 256 (3d Cir.2006), the United States Court of Appeals for the Third Circuit stated that, as to averments of fraud,

Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his [or her] damage.

*Id.* at 270. The *Suprema Specialties* Court indicated that a determination of whether a theory is subject to the particularity requirement necessitates an assessment of the theory to determine whether acts of fraud on the part of the defendants *form the basis for the theory* against them. *Id.* (The *Suprema Specialties* Court stated that whether the "Securities Act claim" at issue "is subject to Rule 9(b) requires an assessment of the particular claim to determine whether acts of fraud on the part of the defendants form the basis for the claim against them."). That is, Rule 9(b) is applicable only "where the gravamen of the claim is fraud," such as where the theory

---

4. In *Akin,* the Oklahoma Supreme Court stated:
   In construing the Oklahoma Pleading Code's provisions which govern fraud allegations, and in determining the detail necessary to satisfy the "particularity" requirement, we are obliged to look to the Federal Rules of Civil Procedure—the progenitor of our pleading code. Since the text of Federal Rule 9(b) is incorporated verbatim in the Oklahoma pleading code, federal and state jurisprudence is instructive.
   1988 OK 150, ¶ 8, 766 P.2d 985 (footnote omitted).

is one of negligent misrepresentation, a "close cousin" of fraud. *Baltimore Cnty. v. Cigna Healthcare*, 238 Fed.Appx. 914, 925 (4th Cir.2007) (citation omitted). *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1105–06 (9th Cir.2003) (theories that are not "grounded in fraud," or for which fraud "is not an essential element," are not subject to the heightened pleading requirement of Rule 9(b)).

¶ 20 Accordingly, the particularity requirement does not apply to alter ego and other veil-piercing theories unless fraud (or mistake) is a necessary element. *See Rolls–Royce Motor Cars, Inc. v. Schudroff*, 929 F.Supp. 117, 122 (S.D.N.Y.1996) ("[B]ecause a veil piercing claimant can prevail without proving fraud, plaintiff's alter ego allegations will not be held to the particularity requirement of Fed.R.Civ.P. 9(b)."); *Chicago Dist. Council of Carpenters Pension Fund v. Ceiling Wall Sys., Inc.*, 915 F.Supp. 939, 942–43 (N.D.Ill.1996) ("[B]ecause fraud is not a prerequisite to piercing the corporate veil, Rule 9(b) does not apply to alter ego allegations."); *Laborers Combined Funds of Western Pa. v. Ruscitto*, 848 F.Supp. 598, 600–01 (W.D.Pa. 1994) (Rule 8(a), which requires a short and plain statement of the claim, applies to alter ego allegations "unless fraud is a necessary element of the claim.") (footnote omitted) (citations omitted). Unless Estrada has made fraud a basis or essential element of his veil-piercing theory, the particularity requirement does not apply.

¶ 21 Moreover, in *Fanning*, the Court went on to state that even if the allegations in the petition were not sufficient to withstand a motion to dismiss, "the trial court still erred in dismissing the case without providing [the plaintiff] with an opportunity to amend her complaint." 2004 OK 7, ¶ 23, 85 P.3d 841. The Court stated that, pursuant to 12 O.S. 2011 § 2012(G), "a *mandatory duty* [is] placed on trial courts" to grant leave to amend if the defect can be remedied. *Id.* (emphasis added).

In order for the courts to dismiss a claim for failure to state a cause of action without giving the plaintiff the opportunity to amend, it must appear that the claim does not exist rather than the claim has been defectively stated. *See Lockhart v. Loosen*, 1997 OK 103, ¶ 5, 943 P.2d 1074, 1078 (which draws a distinction between a petition that is dismissible for want of a cognizable legal theory of liability and one that is dismissible for insufficient facts under a recognized theory).

*Fanning*, ¶ 23.[5]

¶ 22 As was the case in *Fanning*, the Order on appeal in this case merely provides that "Defendant's Motion [to Dismiss] should be and is hereby GRANTED," and it does not provide Estrada with leave to amend. In this regard the *Fanning* Court stated, "If the trial court was of the opinion that the claim was defectively pled, it should have provided [the plaintiff] with an opportunity to amend. Accordingly, the trial court erred in dismissing [the plaintiff's] petition." *Id.* ¶ 24.

¶ 23 Even more important to this case, "[f]ailure to plead fraud with specificity is not a ground for dismissal." *Muller v. Muller*, 2013 OK CIV APP 90, ¶ 10, 311 P.3d 1247 (citation omitted). *See A–Plus*, 1997 OK 37, ¶ 36, 936 P.2d 916. In *A–Plus*, the Oklahoma Supreme Court stated that "[t]he method for securing the missing information"—i.e., in circumstances in which allegations of fraud are made but are not stated with sufficient particularity to enable the opposing party to prepare his/her responsive pleadings and defenses—"is not by pressing for dismissal but rather by a *motion to supply the necessary particulars* that would support the allegations of fraud." *Id.* ¶ 36. In *A–Plus*, the Court concluded that

[b]ecause the record is devoid of any denied quest for particulars, the defendants

**5.** This requirement is consistent with federal jurisprudence. For example,

Where a pleading does not satisfy the heightened requirements of Rule 9(b), the court should freely grant leave to amend. *See Firestone [v. Firestone]*, 76 F.3d [1205, 1209 (D.C.Cir.1996)] (recognizing that courts almost always grant leave to amend to cure deficiencies in pleading fraud). Accordingly, the court should reserve dismissal with prejudice for extreme situations where the pleader has had the opportunity to cure any deficiencies but either has not or cannot do so.

*McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 34 (D.D.C.2007) (citation omitted) (internal quotation marks omitted).

are not entitled to have the petition tested by the *Gay v. Akin* [i.e., particularity] rule. Applying the *Conley v. Gibson* standards,[6] we find that the petition, even if wanting in some particularity, is not subject to dismissal. The defendants are entitled to a post-remand opportunity to press for specific information.

*A–Plus,* ¶ 36 (emphasis omitted).

¶ 24 Estrada's veil-piercing theory is not subject to dismissal on the basis of failure to plead fraud with specificity, and the trial court erred in dismissing this theory.

### B. Fraudulent Transfer

¶ 25 Estrada has asserted a theory under the Uniform Fraudulent Transfer Act (UFTA), 24 O.S.2011 §§ 112–123, based on allegations that Estrada obtained a judgment against an entity whose assets were transferred by Dennis Kriz to avoid payment. "The purpose of the [UFTA] is to allow a creditor the opportunity to invalidate the transfer of assets made by a debtor if the transfer has the effect of placing assets out of reach of present and future creditors." *Burrows v. Burrows,* 1994 OK 129, ¶ 9, 886 P.2d 984 (footnote omitted). Estrada states in his petition that Dennis Kriz violated "the [UFTA]" by "caus[ing] the transfer of the assets of Port City Properties, d/b/a Hodges Warehouse, to other corporate entities that he controls or owns a majority stake in ... with the intent and purpose to hinder, delay and/or defraud [Estrada] as the judgment creditor...." This allegation is practically in the language of the UFTA. *See* 24 O.S.2011 § 116. *See also Combs v. Chambers,* 283 F.Supp. 295, 296 (N.D.Okla.1968) ("The [complaint] states that the properties ... were conveyed by the Defendant ... with intent to hinder, delay, and defraud the Plaintiff as one of his creditors. This allegation is practically in the language of Oklahoma's Uniform Fraudulent Conveyance Act.... The [c]omplaint states a claim for relief, and that claim as stated is recognized by Oklahoma law.") (citation omitted) (footnote omitted).

We conclude Estrada has successfully stated a claim which would entitle him to relief under the UFTA, and the trial court erred in dismissing this theory.

### II. Equitable Defenses of Laches and Equitable Estoppel

¶ 26 As stated above, Defendants argue Estrada's action is barred by the doctrines of laches and equitable estoppel. "Estoppel and the equitable defense of laches each share the elements of delay [in bringing a lawsuit] and resulting prejudice to the other party. Equitable estoppel as well as laches must be determined by the circumstances in each case and according to right and justice." *Sullivan v. Buckhorn Ranch P'ship,* 2005 OK 41, ¶ 33, 119 P.3d 192 (footnotes omitted). At this stage of the proceedings, both doctrines are inappropriate grounds for the dismissal of Estrada's petition. Just as was the trial court below, in our review of this appeal we are charged with reviewing the petition, and with taking as true all of its allegations, together with all reasonable inferences which may be drawn from them. We are not charged with reviewing the unsupported factual allegations contained in Defendants' motion to dismiss. Estrada asserts in the petition that it obtained a judgment against Port City Properties, d/b/a Hodges Warehouse, in 2009; that it held an asset hearing in 2010; and that the Supreme Court affirmed in part and reversed in part the judgment in 2011. In 2012, Estrada brought this action against Defendants based, in part, on the allegation that Port City "no longer ha[s] any assets, accounts or employees...." We conclude no reasonable inference can be drawn at this time, and from the content of the petition alone, that an inexcusable delay has occurred resulting in prejudice to Defendants such that right and justice require the dismissal of the petition based on the equitable doctrines forwarded by Defendants.

---

6. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted).

## CONCLUSION

¶ 27 Defendants filed a motion to dismiss "based upon [Estrada's] failure to plead [fraud] with particularity, the Doctrine of Laches and the Doctrine of Equitable Estoppel." Estrada's veil-piercing theory is not subject to dismissal on the basis of any failure to plead fraud with particularity. As to Estrada's theory asserted under the UFTA, based on allegations that Estrada obtained a judgment against an entity whose assets were transferred to avoid payment, this allegation is practically in the language of the UFTA and we conclude Estrada has successfully stated a claim which would entitle him to relief under the UFTA. Finally, the equitable doctrines asserted in the motion to dismiss are inappropriate bases upon which to dismiss the petition because no reasonable inference can be drawn at this time, and from the content of the petition alone, that an inexcusable delay has occurred resulting in prejudice to Defendants such that right and justice require dismissal. Consequently, we reverse the trial court's Order granting the motion to dismiss, and we remand for further proceedings.

¶ 28 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

RAPP, P.J., and THORNBRUGH, J., concur.