Mamie A. CRUZAN, Charles G. Cruzan, Clarah C. Cruzan, Orval R. Cruzan, Fairah L. Randall, and Ulysses E. Cruzan, Plaintiffs in Error,

v.

MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, a corporation, and Lafayette Oil Company, a corporation, Defendants in Error.

No. 37108.

Supreme Court of Oklahoma.

Sept. 18, 1956.

Rehearing Denied Nov. 13, 1956.

Hoel & Horton, Stillwater, for plaintiffs in error.

W. R. Howell, St. Louis, Mo., Dan M. Welch, Oklahoma City, for defendants in error.

BLACKBIRD, Justice.

The parties will be referred to as they appeared in the trial court.

Mamie A. Cruzan et al. brought an action in the District Court of Payne County, Oklahoma, against the defendant, Missouri-Kansas-Texas Railroad Company et al., to quiet title to certain lands. They alleged that they were the owners of the fee-simple title to, and in possession of, the SE¼ of Section 14, Twp. 18 N., R. 5 E., of I. M.; that they acquired their title thereto as sole heirs at law of one Ulysses G. Cruzan, deceased, who had acquired his title by government patent; that their ancestor Ulysses G. Cruzan executed an instrument to the M.-K. and O. Railroad Company, a corporation, entitled "General Warranty Deed" but which in fact was a perpetual easement for right of way purposes, and a copy of same was attached to the petition and made a part thereof. The pertinent part of the instrument referred to, reads as follows:

Know All Men By These Presents: That I, Ulysses G. Cruzan (a single Man) of the County of Payne, in the Territory of Oklahoma, party of the first part, for and in consideration of the sum of Three Hundred Seventy Five Dollars ($375.00) and the *other valuable consideration hereinafter described*, to said grantor in hand paid, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey unto the Missouri, Kansas & Oklahoma Railroad Company, a corporation created and existing under and by virtue of the laws of the Territory of Oklahoma, party of the second part, its successors and assigns, the following described tract or parcel of land, real property and premises, situated in the County of Payne, Territory of Oklahoma, that is to say:

"A strip, belt or piece of land 150 feet in width, comprising all that portion of the South East Quarter (S. E. ¼) of section number fourteen (14), in Township number Eighteen (18) North of Range number Five (5) East of the Indian Meridian in Oklahoma, which is included between two lines running parallel with, one line being Seventy five (75) feet distant Northeasterly, and the other line being Seventy five (75) feet distant Southwesterly from the center line of the above named Railroad Company's railroad as the center line is now or may be located, surveyed or staked out over and across said above described tract of land.

*"The further consideration* being that said Railroad Company will construct and perpetually maintain an underground cattle pass Eight (8) feet in width and six (6) feet high in the clear, to be located at the present division fence at about station stake number 5497, and with necessary approaches to be fenced by second party from the outer lines of the right-of-way hereby granting to second party a perpetual easement therein.

"Said grantors further agree to permit said railroad company or its contractors to take building stone from said grantors stone quarry near by, free of charge for the construction of the side walls of said cattle pass. Party of the first part shall have the right to extend any division fence through said cattle pass so as to give access to two fields on either side.

"To Have And To Hold the premises hereby conveyed, with all the rights, privileges and appurtenances thereunto belonging or in any wise apper-

taining unto the said Missouri, Kansas and Oklahoma Railroad Company, party of the second part, its successors and assigns, forever, free, clear, and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, and the said Ulysses G. Cruzan (a single man) for his heirs, executors and administrators hereby covenants to warrant and defend the title to the premises hereby conveyed against the claim of any person or party.

"In Witness Whereof, I, hereunto subscribe my name this the 7th day of March, A.D. 1903.

"Ulysses G. Cruzan."

(Emphasis ours.)

It was further alleged that though the instrument on its face granted only an easement, the M-K-T Railroad was claiming a fee simple title to the land described, as successors in interest of the original grantee, adverse to the title of plaintiffs, which claim constitutes a cloud upon their title to said lands, and in particular to plaintiffs' title and interest in and to the oil and gas minerals and mineral rights under said land. The plaintiffs prayed that the instrument be decreed to convey only a railroad right-of-way easement across said lands, and no more, with no interest whatsoever in the oil, gas, or mineral rights therein.

Defendant (M-K-T) interposed a general demurrer to plaintiffs' petition as amended, which was sustained. Plaintiffs elected to stand upon their petition. Thereupon the court dismissed the case as to the M-K-T, and granted plaintiffs' exceptions, from which action plaintiffs perfected this appeal.

The single question for our determination is whether the petition and attached exhibit stated a cause of action. If the attached instrument constituted an easement to the railway company, the petition would withstand the demurrer. On the other hand, if the instrument granted an unqualified fee simple title to the company, the action of the trial court was proper.

■ In the final analysis, the issue here all depends on the correct meaning of the word "therein" in the last line of the third paragraph of the instrument. Plaintiffs' position is that it refers to the strip of land described in the second paragraph, or granting clause, of the deed; while defendant's position is that said word refers merely to the "approaches" to the "underground cattle pass", which said third paragraph itself provides that the railroad company, or "second party", shall fence on land not owned by it—outside or beyond the right-of-way—"from the outer lines" thereof. We think the latter is correct, and points the way to the true interpretation of the instrument. While, under the modern rule, the courts, in determining the extent or quantity of the estate conveyed by a particular deed, are limited neither to its granting clause or habendum clause, see the authorities in Colonial Royalties Co. v. Keener, Okl., 266 P.2d 467, 470; Higgins v. Oklahoma City, 191 Okl. 16, 127 P.2d 845, it is only where the instrument is ambiguous, and there is a *direct conflict* in the wording of the granting clause and some other repugnant portion of the instrument containing words *expressly limiting* the estate described in the granting clause, that there is valid ground, or reason, for courts assuming to interpret the instrument. All of the parties hereto recognize this, plaintiff conceding that if it were not for the expression " * * * hereby granting to second party a perpetual easement therein" the above-quoted deed must be held to have conveyed to the railroad company, the fee, rather than only an easement, in the lands described, under Tit. 16 O.S.1951 § 29, in effect even at the early date of this deed's execution, as shown by Aubert v. St. Louis-San Francisco Ry. Co., 207 Okl. 537, 251 P.2d 190, 195, which reads:

" ' "Every estate in land which shall be granted, conveyed or demised by deed * * * shall be deemed an estate in fee simple and of inheritance,

*unless limited by express words."'"*
(Emphasis ours.)

Plaintiffs contend that the way the deed in question is worded brings it within the "unless" portion of, or exception to, the quoted statute, but they make no effective demonstration, nor offer any convincing proof of this. Even if the granting clause itself had set forth the purpose of the grant as being merely to afford the railroad company a right-of-way, but the grant of the fee, apparently effected by said granting clause, had not been otherwise limited in the deed, we would be constrained, under Marland v. Gillespie, 168 Okl. 376, 33 P.2d 207, and the great weight of other authorities cited in Aubert v. St. Louis-San Francisco Ry. Co., supra, to hold that said deed conveyed to the railroad company the fee in the land, as distinguished from a mere easement for right-of-way purposes. There is much more reason here to so hold, where, as will be noted, the words, claimed to limit the grant to an easement, appear neither in the granting nor the habendum clauses. We think the claim that the third paragraph represented by plaintiffs as creating doubt as to the estate granted and as showing that only an easement was intended, had reference only to the expression "other valuable consideration" appearing in the opening lines of the deed and was inserted therein for the purpose of specifically describing said "other valuable consideration", with the view of making provision for the railroad company to do more for the named grantor than just pay him the money consideration recited. If, as may be reasonably inferred from said third paragraph, the railroad company was to maintain fences on the approaches to the cattle pass *beyond the outer lines of, and off of, the right-of-way,* on lands retained by Cruzan, it was only natural and reasonable to provide therein for it to have an easement allowing its use of said lands for that purpose. Plaintiffs say that the deed was drawn on one of the railroad company's printed forms, and therefore any doubt in the meaning thereof should be resolved against it, under the general rule in such cases. This argument disregards the fact that the language said to render doubtful the estate thereby conveyed, is not in the printed part of the deed. The third paragraph, or only portion which creates any claimed ambiguity in the instrument, was typewritten on a separate piece of paper and attached to the printed form. The record is silent as to whether the grantor or the grantee caused this paragraph to be composed and attached to the deed. But, whether it was drawn or composed by the grantor, or by the grantee, if it was the intention of the parties that it should limit the fee simple estate *described in the granting clause as being absolutely conveyed,* it was incumbent, upon the drafter of the instrument, under the above-quoted statute, to use words therein *expressly* doing so. In this connection, and in addition to the afore-cited cases, see 26 C.J.S., Deeds, § 131, at Note 77, and the cases cited thereunder, together with those in the Annotation beginning at 132 A.L.R. 142. As this was not done, it can only be concluded, as a matter of law, that it was not the intention of the parties to have said estate so limited; and, as plaintiffs' entire case depended on said paragraph effecting such limitation, the trial court committed no error in sustaining the defendant railroad company's demurrer. Its judgment is therefore affirmed.

WELCH, CORN, DAVISON, HALLEY and JACKSON, JJ., concur.

JOHNSON, C. J., and WILLIAMS, V. C. J., dissent.