**KERR–McGEE CORPORATION, Appellee,**

v.

**C.A. HENDERSON, Appellant.**

**No. 61261.**

Supreme Court of Oklahoma.

Oct. 11, 1988.

Francis S. Irvine, Oklahoma City, for appellee.

Max H. Lawrence, Oklahoma City, for appellant.

HARGRAVE, Vice Chief Justice.

In this action, the plaintiff-appellant and the defendant-appellee sought to quiet their respective titles to an undivided ½ mineral interest of the SW/4 of Sect. 5 T11N R5W in Canadian County, Oklahoma.

As pertinent here, the chain of title involved originates with a warranty deed conveyance by owners in fee simple of all the surface and one-half of the minerals, to their grantee, the Chestnuts, in 1962, reserving one-half to themselves.

In 1964 the Chestnuts conveyed by warranty deed to Miller. This instrument conveyed an undivided one-half interest in the SW/4, subject to easements, reservations and encumbrances previously recorded and "... SUBJECT to the easement to the soil conservation". This deed's habendum clause excepted one-half of the unpaid balance of the first mortgage in favor of the Dennings which the Dennings agreed to pay. The deed also has a handwritten notation at its bottom which states "Purchest (sic) jointly by Glenn F. Miller—Lawrence J. and Jessie Mae Chestmut (sic) from Irvin A. Denning and Bessie M. Denning March 8th 1962".

In 1966 Miller's interest in the property was conveyed to petitioner, Kerr–McGee. Later, Miller's grantor, the Chestnuts, again conveyed an undivided one-half interest in and to the SW/4 less and except an undivided one-half interest in the minerals to C.A. Henderson. This action seeks to determine if the Chestnuts conveyed one-half or one-fourth of the minerals to Miller. Here Kerr–McGee contends the 1964 deed to Miller conveyed a one-half interest in the fee, surface and minerals; C.A. Henderson contends the Chestnuts' deed conveyed a one-half interest of what they owned: an undivided one-half of the surface and one-fourth of the minerals, to which he succeeded.

After both parties moved for summary judgment, the trial court sustained Kerr–

McGee's motion quieting its title to a one-half interest in the minerals. C.A. Henderson appealed, and the Court of Appeals held the 1964 deed from the Chestnuts to Miller was ambiguous and the parties were entitled to try the issue. We now grant the petition for writ of certiorari of the defendant-appellee, Kerr–McGee. Petitioner contends the deed is not ambiguous since the granting clause did not limit the estate and therefore, under 16 O.S. § 29, the deed to petitioner's predecessor, Miller, conveys an estate in fee simple and the language in the habendum clause is superfluous to the inquiry. Petitioner's argument is well taken.

The granting clause of the deed in question makes an absolute conveyance of one-half undivided interest in the SW/4 of Sect. 5. This instrument makes no reservations, and excepts only the easements, reservation and encumbrances previously recorded.

■ This Court is not limited to examining the granting clause in determining the quantity of the estate conveyed by deed but it is only where the instrument is ambiguous and there is a *direct conflict* in the words of the granting clause and another repugnant portion, containing words expressly limiting the estate described in the granting clause that there is a basis for the Court to assume to interpret the instrument. *Cruzan v. Missouri–Kansas–Texas Railroad Company*, 303 P.2d 313 (Okl. 1956). The paragraph of the deed following the granting clause states the purpose of the deed is to effect a division of title. No direct conflict is seen here with the language of the grant, for the grant of one-half interest does indeed effect a division of title. Furthermore, a declaration of purpose in a deed will not, on its own without more, suffice to limit the estate granted thereby. *Cleary Petroleum Corp. v. Harrison*, 621 P.2d 528 (Okl.1980). This deed contains no words expressly limiting the estate of one-half interest granted in the granting clause; language of doubtful or equivocal meaning in other portions of the deed not expressly limiting the estate

conveyed are insufficient to do so. *Cruzan, supra.*

The deed under examination in this case is not ambiguous within the four corners of the instrument. It conveys a one-half interest in the quarter section. There is no express limitation of the grant within the instrument's four corners. The trial court correctly granted summary judgment to the appellee, Kerr–McGee, determining the questioned instrument conveyed a one-half interest in the quarter section. THE OPINION OF THE COURT OF APPEALS IS VACATED AND THE JUDGMENT OF THE TRIAL COURT IS AFFIRMED.

LAVENDER, SIMMS, OPALA, ALMA WILSON and KAUGER, JJ., concur.

HODGES, J., dissents.

SUMMERS, J., disqualified.