2013 OK CIV APP 90

In re the Marriage of Anabella Gonzalez
MULLER aka Anabella Gonzalez,
Petitioner/Appellant,

v.

Timothy Al MULLER,
Respondent/Appellee.

No. 109546.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Sept. 19, 2013.

John W. Flippo, Frasier, Frasier, & Hickman, LLP, Tulsa, Oklahoma, for Petitioner/Appellant.

JOHN F. FISCHER, Presiding Judge.

¶ 1 Petitioner/Appellant Anabella Gonzalez Muller aka Anabella Gonzalez (Gonzalez) appeals the decision of the district court dismissing her Amended Petition for Annulment against Timothy Al Muller (Muller). We vacate the district court's dismissal of Gonzalez's claim for an annulment pursuant to 12 O.S. Supp.2009 § 2009(B) and remand for trial on Gonzalez's annulment action.

## BACKGROUND

¶ 2 Muller and Gonzalez were married in February 2008. Prior to the marriage, Muller and Gonzalez executed a Premarital Agreement in which each party set forth his and her separate property. Gonzalez filed her Petition for Dissolution of Marriage in March 2009 and attached a copy of the Premarital Agreement seeking to establish entitlement to her separate property. Gonzalez requested that certain property she acquired during the marriage with her separate premarital funds, including real property, be declared separate property. Gonzalez further requested that a loan of $20,000 which she gave to Muller be repaid before the dissolution of the marriage. In Muller's Answer, he did not dispute any of the allegations set forth in Gonzalez's Petition.

¶ 3 In July 2010, Gonzalez filed an Application to Amend Petition, in which she alleged: "That the Petitioner has recently discovered that she was induced into the marriage with the Respondent by Respondent's fraud. That the marriage of the parties was based upon fraud committed by the Respondent upon the Petitioner." (R. 15). In her Amended Petition filed in September 2010, Gonzalez sought: "An annulment of the marriage of the parties based upon fraud committed by the Respondent to induce her to marry, all as set forth in Petitioner's Application to Amend Petition." (R. 19). In the alternative, Gonzalez sought dissolution of the marriage. Muller did not file an Answer to Gonzalez's Amended Petition or request a more definite statement of her allegations of fraud. In the Domestic Pretrial Conference Order, Gonzalez listed annulment as one of the issues to be litigated at trial. Gonzalez also listed multiple witnesses and exhibits in support of her allegations of fraudulent inducement to marry against Muller. The parties participated in a Pretrial Conference in November 2010.

¶ 4 At the outset of the trial conducted in April 2011, before allowing the introduction of evidence, the district court denied Gonzalez's request for an annulment finding as follows:

The Court did its research on the issue of the pleading of a fraud allegation. In Title 12 Section 209 [sic], entitled "Pleading of Special Matters," Section B refers to fraud, mistake, condition of the mind. And it states that, "In all averments of fraud or mistake, the circumstances constituting fraud shall be stated with particularity, and the malice, intent, and motives and other conditions of the mind with a person need to be and appear generally."

When we look at the Amended Petition filed with this Court on September 29th, 2010, Paragraph 1A, the Petitioner states

that she is requesting an annulment of the marriage or of the parties based upon fraud committed by the Respondent to induce her to marry him. Nowhere does it state with particularity what the fraud is. Therefore, the Court is going to deny her request to proceed on an annulment of the marriage based on fraud since it was not stated with particularity and in accordance with the statutes. Therefore, we are back to dissolution of the marriage.

(R. 74, Transcript of Proceedings, p. 12, lines 8–25, p. 13, lines 1–2). Gonzalez presented an Offer of Proof outside the presence of the judge, wherein Gonzalez alleged Muller misrepresented his financial status and assets to induce her into marriage. Gonzalez contended the issue of annulment was discussed at the Pretrial Conference and neither the district court nor Muller requested a bill of particulars regarding the fraud allegations.

¶ 5 During trial, Gonzalez attempted to introduce evidence of a lawsuit filed against Muller, wherein one count involved the tort of deceit. The district court refused to admit any exhibits concerning such lawsuit. During Muller's testimony, he was questioned about the listing of assets he attached to the premarital agreement. Muller admitted that the listing of assets was not true. During rebuttal, Gonzalez identified the specific entries on Muller's listing of assets that were inaccurate.

¶ 6 Gonzalez introduced copies of multiple protective orders filed against Muller by a former spouse and child and one by another different woman to establish his prior history of domestic violence upon women. Gonzalez introduced another exhibit containing criminal cases filed against Muller each involving moral turpitude. Because Muller failed to object to such exhibits on the Pretrial Conference Order, the district court admitted such evidence.

¶ 7 Gonzalez made an amended offer of proof at the conclusion of the evidence concerning evidence of Muller's criminal history, including a history of domestic violence. Gonzalez asserted she would not have married Muller had she known of his criminal history. Gonzalez also presented the exhibit containing evidence of the lawsuit filed

against Muller that the district court excluded from evidence. Gonzalez suggested the prior lawsuit against Muller for deceit was similar to the deceit committed by Muller to induce her into marriage. Gonzalez again asserted no request was ever made by any party at the Pretrial Conference requesting any further specifics on her allegations of fraud against Muller.

¶ 8 The district court granted Muller and Gonzalez a decree of dissolution of marriage. The district court awarded each party the real and personal property in their possession at the time of the decree. The district court concluded the real property purchased by Gonzalez during the marriage was her sole and separate property. The district court concluded the loan at issue was from Gonzalez's separate business to Muller's separate business and was not a marital asset or debt, and thus outside the court's jurisdiction. The district court found Muller's protective order against Gonzalez was frivolously filed and denied the same. The district court further granted Gonzalez a final protective order against Muller. Gonzalez instituted the present appeal alleging the district court erred in dismissing her Amended Petition for Annulment.

## STANDARD OF REVIEW

¶ 9 The Oklahoma Supreme Court in *Gay v. Akin*, 1988 OK 150, ¶ 6, n. 13, 766 P.2d 985, 989 stated that a dismissal based upon: "failure to plead fraud with sufficient particularity, as required by 12 O.S. Supp. 1984 § 2009(B), is treated as a dismissal for failure to state a claim." Appellate courts review a district court's dismissal for failure to state a claim *de novo*. *Miller v. Miller*, 1998 OK 24, ¶ 15, 956 P.2d 887, 894.

## ANALYSIS

¶ 10 The Oklahoma Supreme Court considered the issue of fraudulent inducement to marry and declared:

An action for damages for fraudulent inducement to marry has been recognized in Oklahoma with respect to both void and valid marriages. Like other fraud-based actions, a claim for fraudulent inducement

to marry must allege all the elements of common law fraud. These are: 1) a false material representation, 2) made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied upon by a party to that party's detriment. *Miller*, 1998 OK 24, ¶ 38, 956 P.2d at 902. "We hold that a misrepresentation inducing one to enter into a valid marriage must go to the essential ingredients of the marriage in order to sustain a finding of materiality sufficient to support a cause of action for fraudulent inducement to marry. This is a necessary restriction." *Id.* ¶ 40, 956 P.2d at 903. In *Tice v. Tice*, 1983 OK 108, 672 P.2d 1168, the Supreme Court found:

> The basis of fraudulent misrepresentation is the creation of a false impression and damage sustained as a natural and probable consequence of the act charged. The fraudulent representation need not be the sole inducement which causes a party to take the action from which the injury ensued. The key is that without the representation the party would not have acted.

*Id.* ¶ 7, 672 P.2d at 1171. In addressing the requirements set forth in 12 O.S. Supp.2009 § 2009(B), the Oklahoma Supreme Court has further held that:

> The allegations of fraud must be stated with sufficient particularity to enable the opposing party to prepare his/her responsive pleadings and defenses. *Gay v. Akin.* Particularity does not mean the plaintiff has to plead detailed evidentiary matters. The method for securing the missing information is not by pressing for dismissal but rather by a motion to supply the necessary particulars that would support the allegations of fraud. Because the record is devoid of any denied quest for particulars, the defendants are not entitled to have the petition tested by the *Gay v. Akin* rule. Applying the *Conley v. Gibson* standards, we find that the petition, even if wanting in some particularity, is not subject to dismissal.

*A–Plus Janitorial & Carpet Cleaning v. Emp'rs Workers' Comp. Ass'n*, 1997 OK 37, ¶¶ 35–36, 936 P.2d 916, 930–31. Failure to plead fraud with specificity is not a ground for dismissal. *Id.* ¶ 38, 936 P.2d at 931. More importantly, because Muller did not request a more particular statement of Gonzalez's fraud allegations, he is not entitled to have her Amended Petition "tested by the *Gay v. Akin* rule." *Id.* ¶ 36, 936 P.2d at 931.

■ ¶ 11 As set forth in *A–Plus Janitorial*, dismissal of Gonzalez's request for an annulment for failure to plead fraud with sufficient particularity was not warranted. *Id.*, 1997 OK 37, ¶¶ 35, 36 and 38, 936 P.2d 916, 930–31. In the pretrial conference order, Gonzalez listed annulment as one of the issues to be litigated at trial and listed multiple witnesses and exhibits in support of her allegations of fraudulent inducement to marry. After the district court raised the insufficiency of Gonzalez's allegations of fraud at the outset of trial, Gonzalez repeatedly argued that neither the district court nor Muller discussed any such concerns during the pretrial conference. Rule 5(I) of the Oklahoma Rules for District Courts directs that:

> The pretrial order shall include the results of the conference and advice to the court regarding the factual and legal issues, including details of material evidence to be presented. The order shall also present all questions of law in the case.... The contents of the pretrial order shall supersede the pleadings and govern the trial of the case unless departure therefrom is permitted by the Court to prevent manifest injustice.

Okla.Dist.Ct.R. 5(I), 12 O.S.Supp.2010, Ch. 2, App. The Oklahoma Supreme Court, relying upon Rule 5(I) has held: "Rule 5(I) directs trial courts not to allow departure from the contents of the pretrial order 'unless departure therefrom is permitted by the Court to prevent manifest injustice.'" *Corman v. H–30 Drilling, Inc.*, 2001 OK 92, ¶ 15, 40 P.3d 1051, 1055. No claims of "manifest injustice" have been placed at issue herein.

¶ 12 Pursuant to Okla.Dist.Ct.R. 5(I), 12 O.S.Supp.2010, Ch. 2, App., inclusion in the pretrial order of Gonzalez's request for an annulment supersedes any purported prior insufficiency of pleading fraudulent inducement to marry with particularity. Had the district court considered Gonzalez's claims of

fraudulent inducement to marry improperly pled such matter should have been addressed at the pretrial conference. Because the pretrial conference order was filed with the inclusion of Gonzalez's request for an annulment based on fraudulent inducement to marry with no objection from Muller, the district court was required to consider the same at the time of trial.

¶ 13 In the last sentence of the closing paragraph of her Brief in Chief, Gonzalez requested this Court award her appeal-related attorney fees as against Muller, but cites no authority for an award of such fees. At the time Gonzalez filed her Brief in Chief, Oklahoma Supreme Court Rule 1.14(B) required that:

> A motion for an appeal related attorney's fee must be made by a separately filed and labeled motion in the appellate court prior to issuance of mandate, or in the applicant's brief on appeal in a separate portion that is specifically identified. The motion must state the statutory and decisional authority allowing the fee. See 12 O.S. § 696.4(C).

Okla.Sup.Ct.R. 1.14(B), 12 O.S.Supp.2009, Ch. 15, App. 1. Gonzalez's request for appeal-related attorney fees was not in compliance with Rule 1.14(B). Gonzalez did not set forth the request in a clearly labeled separate portion of her Brief in Chief. Furthermore, Gonzalez did not set forth any statutory and/or decisional authority to support her entitlement to an award of appeal-related attorney fees. As such, Gonzalez's request for appeal-related attorney fees is denied.

¶ 14 Accordingly, the district court's dismissal of Gonzalez's petition for annulment is vacated, and this cause is remanded for trial for consideration of Gonzalez's petition for annulment. The provisions set forth in the district court's decree of dissolution of marriage shall remain in place until the district court conducts a trial and enters its ruling upon Gonzalez's petition for annulment. In the event the district court denies Gonzalez's petition for annulment after the presentation of evidence, the district court's decree of dissolution of marriage will stand undisturbed. Should the district court find Gonzalez is entitled to an annulment, it shall modify the decree accordingly. Gonzalez's request for appeal-related attorney fees is denied.

## CONCLUSION

¶ 15 Pursuant to Okla.Dist.Ct.R. 5(I), 12 O.S.Supp.2010, Ch. 2, App., inclusion in the pretrial conference order of Gonzalez's request for an annulment supersedes any purported prior insufficiency of pleading fraud with particularity. Had the district court considered Gonzalez's claims of fraudulent inducement to marry improperly pled, such matter should have been addressed at the pretrial conference. Because the pretrial conference order was filed with the inclusion of Gonzalez's request for an annulment based on fraudulent inducement to marry with no objection from Muller, the district court was required to consider the same at the time of trial. The district court's dismissal of Gonzalez's petition for annulment is vacated. This cause is remanded for trial for consideration of Gonzalez's petition for annulment as set forth herein. Gonzalez's request for appeal-related attorney fees is denied.

¶ 16 **VACATED AND REMANDED WITH DIRECTIONS.**

BARNES, V.C.J., and WISEMAN, J., concur.