OSCN Found Document:ESTRADA v. KRIZ

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 ESTRADA v. KRIZ
2015 OK CIV APP 19
345 P.3d 403
Case Number: 112453
Decided: 01/29/2015
Mandate Issued: 03/02/2015
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2015 OK CIV APP 19, 345 P.3d 403

 

PHILLIP ESTRADA, Plaintiff/Appellant,
v.
DENNIS KRIZ, 
HODGES TRANSPORT, MID-AMERICA PALLETT, LLC, et al., Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
OKMULGEE COUNTY, 
OKLAHOMA
HONORABLE H. MICHAEL CLAVER, TRIAL JUDGE

REVERSED AND REMANDED FOR FURTHER 
PROCEEDINGS

Robert V. Seacat, SEACAT LAW, Tulsa, Oklahoma, for 
Plaintiff/Appellant
Kenneth L. Brune, BRUNE LAW FIRM, Tulsa, Oklahoma, for 
Defendants/Appellees


DEBORAH B. BARNES, JUDGE:
¶1 Plaintiff/Appellant Phillip Estrada (Estrada) appeals the trial court's 
Order granting the motion to dismiss of Defendants/Appellees Dennis Kriz, Hodges 
Transport, Mid-America Pallet, LLC, et al. (collectively, Defendants). 
Defendants moved for dismissal "based upon [Estrada's] failure to plead [fraud] 
with particularity, the Doctrine of Laches and the Doctrine of Equitable 
Estoppel." Based on our review, we conclude Estrada's veil-piercing theory is 
not subject to dismissal on the basis of any failure to plead fraud with 
particularity; Estrada has successfully stated a claim which would entitle him 
to relief under the Uniform Fraudulent Transfer Act, 24 O.S. 2011 §§ 112-123; 
and the equitable doctrines asserted in the motion to dismiss are inappropriate 
bases upon which to dismiss the petition. Consequently, we reverse the trial 
court's Order granting the motion to dismiss, and we remand for further 
proceedings.
BACKGROUND
¶2 Estrada filed a petition in October, 2012, alleging that in April, 2009, a 
judgment was entered in his favor "and against Port City Properties, d/b/a 
Hodges Warehouse . . . ." Estrada alleged that the judgment was entered "in the 
total amount of $127,014.17, plus statutory costs," but that in 2011, on appeal 
from that judgment, the Oklahoma Supreme Court affirmed in part and reversed in 
part, "leaving intact the judgment for actual damages . . . and reversing the 
punitive damages award," and leaving a "total remaining judgment . . . [of] 
$108,616.17," plus post-judgment interest.
¶3 Estrada asserted in his petition that, during his attempt to collect this 
judgment from Port City Properties, d/b/a Hodges Warehouse,

 
 Dennis Kriz testified at an asset hearing before this Court [in April, 
 2010,] that the business entity, Port City Properties, d/b/a Hodges 
 Warehouse, no longer had any assets, accounts or employees, and that Hodges 
 Warehouse was conducting business under the business entities, Hodges 
 Transportation, LL[C] and Mid-America Pallet, LLC.
 9. Mr. Kriz also testified at the asset hearing that the business of Port 
 City Properties, d/b/a Hodges Warehouse, was intermingled with the business 
 of Hodges Transportation, LLC.
 10. That the assets and former business operations of Hodges Warehouse 
 that were conducted under the business name of Port City Properties, d/b/a 
 Hodges Warehouse, have been transferred either post-petition or 
 post-judgment to other entities, including but not limited to Hodges 
 Transportation, LLC, Mid-America Pallet, LLC and/or other entities in an 
 effort to avoid paying [Estrada's] judgment.
¶4 Estrada requested that the court "pierce the corporate veil" of Port City 
Properties, and hold Dennis Kriz personally liable for the April, 2009 judgment 
"for his operating other corporate entities as the alter ego of Port City 
Properties, d/b/a Hodges Warehouse, in order to avoid the judgment."
¶5 Estrada also asserted that Dennis Kriz violated "the Uniform Fraudulent 
Transfer Act" by "caus[ing] the transfer of the assets of Port City Properties, 
d/b/a Hodges Warehouse, to other corporate entities that he controls or owns a 
majority stake in . . . with the intent and purpose to hinder, delay and/or 
defraud [Estrada] as the judgment creditor . . . ."
¶6 In their answer, Defendants admitted that Kriz "provided testimony at an 
asset hearing," but denied "any inference or interpretation . . . to the extent 
they support [Estrada's] claims." They requested that Estrada take nothing by 
way of his petition, and they set forth various affirmative defenses.
¶7 In January, 2013, Defendants filed a motion to dismiss claiming Estrada 
failed to plead fraud with particularity, and also claiming his theories are 
barred by the doctrines of laches and equitable estoppel. Defendants argue that 
Estrada's theories of (1) "Pierc[ing] the Corporate Veil," and (2) "Violati[ng] 
. . . the Fraudulent Transfer Act," are theories of fraud and, therefore, 
Estrada was required to state with specificity "the time, place and contents of 
the fraudulent action," together with "the identity of the party making the 
fraudulent action and the consequences arising from the fraudulent conduct," in 
order to satisfy the requirements of 12 O.S. Supp. 2013 § 2009(B).
¶8 Defendants also argue Estrada's action is barred by the doctrines of 
laches and equitable estoppel because, "[a]t a minimum, Estrada was aware that 
he intended to claim fraudulent transfer of assets as of the time of the asset 
hearing on April 28, 2010," but allegedly took "no further action to enforce his 
Judgment against Port City Properties or to assert claims against [Defendants]" 
until the filing of the petition in this case in October, 2012.
¶9 Defendants did not attach any evidentiary materials to their motion to 
dismiss or otherwise seek to convert it to a summary judgment motion. 
Nevertheless, after Estrada filed his response and objection to the motion to 
dismiss, Defendants filed a reply in which they argue that Estrada failed to 
"dispute a single Statement of Fact as set forth in the Motion to Dismiss . . . 
." They further state that "Estrada offers NO evidence or arguments to dispute 
the facts set forth in the Motion to Dismiss . . . ."
¶10 In its Order filed in December, 2013, the trial court granted the motion 
to dismiss without oral argument, and without setting forth the basis of its 
decision. From the Order, Estrada appeals.
STANDARD OF REVIEW
¶11 Motions to dismiss are generally viewed with disfavor, and the burden of 
demonstrating a petition's insufficiency - placed on the party moving for 
dismissal - is not a light one. Fanning v. Brown, 2004 OK 7, ¶ 4, 85 P.3d 841. When reviewing a 
motion to dismiss, this Court exercises de novo review. Wilson v. 
State ex rel. State Election Bd., 2012 OK 2, ¶ 4, 270 P.3d 155.[1] When reviewing a motion to 
dismiss, this Court examines only the controlling law, not the facts, and, thus, 
this Court must take as true all of the challenged pleading's allegations 
together with all reasonable inferences which may be drawn from them. Id. 
"A pleading must not be dismissed for failure to state a legally cognizable 
claim unless the allegations indicate beyond any doubt that the 
litigant can prove no set of facts which would entitle him to relief." 
Fanning, ¶ 4 (citation omitted). In addition, "interpretation of 
statutory law presents a question of law and statutes are construed to determine 
legislative intent in light of the general policy and purpose that underlie 
them." Troxell v. Okla. Dep't of Human Servs., 2013 OK 100, ¶ 4, 318 P.3d 206 (citation 
omitted).
ANALYSIS
I. The Requirement of Particularity
¶12 Title 12 O.S. 2011 § 
2009(B) provides that "[i]n all averments of fraud or mistake, the 
circumstances constituting fraud or mistake shall be stated with particularity. 
Malice, intent, knowledge, and other condition of mind of a person may be 
averred generally."[2] The Oklahoma Supreme Court has explained that 
"allegations of fraud must be stated with sufficient particularity to enable the 
opposing party to prepare his/her responsive pleadings and defenses. 
Particularity does not mean the plaintiff has to plead detailed 
evidentiary matters." A-Plus Janitorial & Carpet Cleaning v. Employers' 
Workers' Comp. Ass'n, 1997 OK 
37, ¶ 35, 936 P.2d 916 
(citation omitted) (footnotes omitted). Section 2009(B) "requires specification 
of the time, place and content of an alleged false representation, but 
not the circumstances or evidence from which fraudulent intent could be 
inferred." Gianfillippo v. Northland Cas. Co., 1993 OK 125, ¶ 11, 861 P.2d 308 (citation omitted).
¶13 "[T]he particularity requirement extends to all averments of fraud, 
regardless of the theory of legal duty - statutory, tort, contract or 
fiduciary." Gay v. Akin, 1988 
OK 150, ¶ 8, 766 P.2d 985 
(footnote omitted). For example, in Akin the plaintiff filed suit against 
members of a board of directors of a financial institution. She alleged they 
misrepresented the financial institution as a public banking corporation (with, 
inter alia, deposit insurance) and that, through advertisements, they lured her 
into depositing her savings at the bank. Plaintiff sought recovery for these 
misrepresentations based on theories of common-law fraud, and also based on a 
statutory provision authorizing an action for fraud and deceit upon the public. 
Although one of her theories was derived from the common law, and the other from 
statutory law, because both theories were based on fraud or contained fraud as a 
necessary element, the requirements of § 2009(B) applied to each theory.
¶14 However, an averment of fraud does not exist merely because the modifier 
"fraudulent" is used. Black's Law Dictionary (9th ed. 2009), defines fraud, in 
pertinent part, as

 
 [a] knowing misrepresentation of the truth or concealment of a material 
 fact to induce another to act to his or her detriment. . . . 2. A 
 misrepresentation made recklessly without belief in its truth to induce 
 another person to act. 3. A tort arising from a knowing 
 misrepresentation, concealment of material fact, or reckless 
 misrepresentation made to induce another to act to his or her 
 detriment.
In Oklahoma,

 
 [t]he elements of fraud are: 1) a false material misrepresentation, 2) 
 made as a positive assertion which is either known to be false or is made 
 recklessly without knowledge of the truth, 3) with the intention that it be 
 acted upon, and 4) which is relied on by the other party to his or her own 
 detriment.
Lopez v. Rollins, 2013 OK 
CIV APP 43, ¶ 12, 303 P.3d 
911 (citation omitted).
¶15 Accordingly, an averment of fraud only exists where there is some "false 
suggestion or suppression of the truth" - some false representation - by which 
one "can get advantage over another," Croslin v. Enerlex, Inc., 2013 OK 34, ¶ 11, 308 P.3d 1041, made with the 
intention that it be acted upon. More exactly, fraud is "a generic term" that 
"is divided into actual fraud and constructive fraud." Patel v. OMH Med. 
Ctr., Inc., 1999 OK 33, ¶ 34, 
987 P.2d 1185 (footnotes 
omitted). "To be actionable, both actual fraud and constructive fraud require 
detrimental reliance by the person complaining," Howell v. Texaco Inc., 
2004 OK 92, ¶ 32, 112 P.3d 1154 (citation omitted), 
and even constructive fraud - although it "does not necessarily involve any 
moral guilt, intent to deceive, or actual dishonesty of purpose" - requires a 
misrepresentation (although the misrepresentation may consist of remaining 
silent when one has the duty to speak) that "gains an advantage for the actor by 
misleading another to his prejudice," Patel, ¶ 34 (footnote omitted).[3]
A. Piercing the Corporate Veil
¶16 Estrada seeks to pierce the corporate veil based on allegations that, 
inter alia, Dennis Kriz operated other corporate entities as the alter ego of 
Port City Properties, d/b/a Hodges Warehouse, in order to avoid the judgment. 
The particularity requirement does not apply to a theory seeking to pierce the 
corporate veil unless it rests on an averment of fraud (or mistake). In 
Fanning, 2004 OK 7, the 
plaintiff asserted a theory seeking to pierce the corporate veil and hold the 
shareholders of a corporate entity individually liable for the obligations and 
conduct of that entity. The plaintiff alleged

 
 the shareholders used the corporate entity to defeat the public policy of 
 protecting a resident [of a nursing home] from neglect and abuse, that they 
 failed to secure and maintain liability insurance, and that they allowed 
 [the corporate entity] to become suspended from doing business within the 
 state. She also argued that the public policy of protecting elderly 
 residents is a compelling or overriding reason to disregard the corporate 
 entity and pierce the corporate veil.
Id. ¶ 17.
¶17 The Fanning Court first explained as follows:

 
 Generally, a corporation is regarded as a legal entity, separate and 
 distinct from the individuals comprising it. However, the notion of a 
 corporation's legal entity, apart from the persons composing it, is 
 introduced for convenience and to serve the ends of justice. Accordingly, 
 Oklahoma has long recognized the doctrine of disregarding the corporate 
 entity in certain circumstances. Courts may disregard the corporate entity 
 and hold stockholders personally liable for corporate obligations or 
 corporate conduct under the legal doctrines of fraud, alter ego and when 
 necessary to protect the rights of third persons and accomplish justice. . . 
 . Frazier v. Bryan Memorial Hosp. Authority, 1989 OK 73, ¶ 16, 775 P.2d 281, 288 (if one 
 corporation is simply the instrumentality of another corporation, the 
 separation between the two may be disregarded and treated as 
 one).
Id. ¶ 16 (citations omitted). The Fanning Court then stated 
that, "[s]ince this case does not involve fraud or mistake, [the 
plaintiff] was only required to set forth a short and plain statement of her 
claims so that the defendants would have fair notice of what [the 
plaintiff's] claims were and the grounds upon which they rest." Id. ¶ 21 
(emphasis added).
¶18 As quoted above, the Fanning Court specifically listed "the legal 
doctrines of fraud [and] alter ego" as distinct theories. As stated by a 
separate division of this Court, "[a]lthough several cases have discussed fraud 
as a potential basis for ignoring formal corporate identity, it is not necessary 
for fraudulent intent to be present for the alter ego theory to be applied to 
pierce the corporate veil." Pennmark Res. Co. v. Okla. Corp. Comm'n, 2000 OK CIV APP 63, ¶ 17, 6 P.3d 1076 (citations omitted).
¶19 A brief review of federal jurisprudence is also instructive in this 
regard.[4] "The 
tendency under the Federal Rules is to discourage motions to compel more 
definite complaints and to encourage the use of discovery procedures to apprise 
the parties of the basis for the claims made in the pleadings" - the 
"requirement of particularized pleading" set forth in Rule 9(b) "is reserved for 
averments of fraud or mistake." In re O.P.M. Leasing Servs., Inc., 21 
B.R. 986, 993 (Bankr. S.D.N.Y. 1982). In In re Suprema Specialties, Inc. 
Securities Litigation, 438 F.3d 256 (3d Cir. 2006), the United States Court 
of Appeals for the Third Circuit stated that, as to averments of fraud,

 
 Rule 9(b) requires a plaintiff to plead (1) a specific false 
 representation of material fact; (2) knowledge by the person who made it of 
 its falsity; (3) ignorance of its falsity by the person to whom it was made; 
 (4) the intention that it should be acted upon; and (5) that the plaintiff 
 acted upon it to his [or her] damage.
Id. at 270. The Suprema Specialties Court indicated that a 
determination of whether a theory is subject to the particularity requirement 
necessitates an assessment of the theory to determine whether acts of fraud on 
the part of the defendants form the basis for the theory against them. 
Id. (The Suprema Specialties Court stated that whether the 
"Securities Act claim" at issue "is subject to Rule 9(b) requires an assessment 
of the particular claim to determine whether acts of fraud on the part of the 
defendants form the basis for the claim against them."). That is, Rule 9(b) is 
applicable only "where the gravamen of the claim is fraud," such as where the 
theory is one of negligent misrepresentation, a "close cousin" of fraud. 
Baltimore Cnty. v. Cigna Healthcare, 238 F. App'x 914, 925 (4th Cir. 
2007) (citation omitted). See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 
1097, 1105-06 (9th Cir. 2003) (theories that are not "grounded in fraud," or for 
which fraud "is not an essential element," are not subject to the heightened 
pleading requirement of Rule 9(b)).
¶20 Accordingly, the particularity requirement does not apply to alter ego 
and other veil-piercing theories unless fraud (or mistake) is a necessary 
element. See Rolls-Royce Motor Cars, Inc. v. Schudroff, 929 F. Supp. 117, 
122 (S.D.N.Y. 1996) ("[B]ecause a veil piercing claimant can prevail without 
proving fraud, plaintiff's alter ego allegations will not be held to the 
particularity requirement of Fed.R.Civ.P. 9(b)."); Chicago Dist. Council of 
Carpenters Pension Fund v. Ceiling Wall Sys., Inc., 915 F. Supp. 939, 942-43 
(N.D. Ill. 1996) ("[B]ecause fraud is not a prerequisite to piercing the 
corporate veil, Rule 9(b) does not apply to alter ego allegations."); 
Laborers Combined Funds of Western Pa. v. Ruscitto, 848 F.Supp. 598, 
600-01 (W.D. Pa. 1994) (Rule 8(a), which requires a short and plain statement of 
the claim, applies to alter ego allegations "unless fraud is a necessary element 
of the claim.") (footnote omitted) (citations omitted). Unless Estrada has made 
fraud a basis or essential element of his veil-piercing theory, the 
particularity requirement does not apply.
¶21 Moreover, in Fanning, the Court went on to state that even if the 
allegations in the petition were not sufficient to withstand a motion to 
dismiss, "the trial court still erred in dismissing the case without providing 
[the plaintiff] with an opportunity to amend her complaint." 2004 OK 7, ¶ 23. The Court stated 
that, pursuant to 12 O.S. 2011 § 
2012(G), "a mandatory duty [is] placed on trial courts" to grant 
leave to amend if the defect can be remedied. Id. (emphasis added).

 
 In order for the courts to dismiss a claim for failure to state a cause 
 of action without giving the plaintiff the opportunity to amend, it must 
 appear that the claim does not exist rather than the claim has been 
 defectively stated. See Lockhart v. Loosen, 1997 OK 103, ¶ 5, 943 P.2d 1074, 1078 (which draws 
 a distinction between a petition that is dismissible for want of a 
 cognizable legal theory of liability and one that is dismissible for 
 insufficient facts under a recognized theory).
Fanning, ¶ 23.[5]
¶22 As was the case in Fanning, the Order on appeal in this case 
merely provides that "Defendant's Motion [to Dismiss] should be and is hereby 
GRANTED," and it does not provide Estrada with leave to amend. In this regard 
the Fanning Court stated, "If the trial court was of the opinion that the 
claim was defectively pled, it should have provided [the plaintiff] with an 
opportunity to amend. Accordingly, the trial court erred in dismissing [the 
plaintiff's] petition." Id. ¶ 24.
¶23 Even more important to this case, "[f]ailure to plead fraud with 
specificity is not a ground for dismissal." Muller v. Muller, 2013 OK CIV APP 90, ¶ 10, 311 P.3d 1247 (citation omitted). 
See A-Plus, 1997 OK 
37, ¶ 36. In A-Plus, the Oklahoma Supreme Court stated that "[t]he 
method for securing the missing information" - i.e., in circumstances in which 
allegations of fraud are made but are not stated with sufficient particularity 
to enable the opposing party to prepare his/her responsive pleadings and 
defenses - "is not by pressing for dismissal but rather by a motion to supply 
the necessary particulars that would support the allegations of fraud." 
Id. ¶ 36. In A-Plus, the Court concluded that

 
 [b]ecause the record is devoid of any denied quest for particulars, the 
 defendants are not entitled to have the petition tested by the Gay v. 
 Akin [i.e., particularity] rule. Applying the Conley v. Gibson 
 standards,[6] we find that the petition, even if wanting in 
 some particularity, is not subject to dismissal. The defendants are entitled 
 to a post-remand opportunity to press for specific 
 information.
A-Plus, ¶ 36 (emphasis omitted).
¶24 Estrada's veil-piercing theory is not subject to dismissal on the basis 
of failure to plead fraud with specificity, and the trial court erred in 
dismissing this theory.
B. Fraudulent Transfer
¶25 Estrada has asserted a theory under the Uniform Fraudulent Transfer Act 
(UFTA), 24 O.S. 2011 §§ 112-123, based on allegations that Estrada obtained a 
judgment against an entity whose assets were transferred by Dennis Kriz to avoid 
payment. "The purpose of the [UFTA] is to allow a creditor the opportunity to 
invalidate the transfer of assets made by a debtor if the transfer has the 
effect of placing assets out of reach of present and future creditors." 
Burrows v. Burrows, 1994 OK 
129, ¶ 9, 886 P.2d 984 
(footnote omitted). Estrada states in his petition that Dennis Kriz violated 
"the [UFTA]" by "caus[ing] the transfer of the assets of Port City Properties, 
d/b/a Hodges Warehouse, to other corporate entities that he controls or owns a 
majority stake in . . . with the intent and purpose to hinder, delay and/or 
defraud [Estrada] as the judgment creditor . . . ." This allegation is 
practically in the language of the UFTA. See 24 O.S. 2011 § 116. See also 
Combs v. Chambers, 283 F. Supp. 295, 296 (N.D. Okla. 1968) ("The [complaint] 
states that the properties . . . were conveyed by the Defendant . . . with 
intent to hinder, delay, and defraud the Plaintiff as one of his creditors. This 
allegation is practically in the language of Oklahoma's Uniform Fraudulent 
Conveyance Act. . . . The [c]omplaint states a claim for relief, and that claim 
as stated is recognized by Oklahoma law.") (citation omitted) (footnote 
omitted). We conclude Estrada has successfully stated a claim which would 
entitle him to relief under the UFTA, and the trial court erred in dismissing 
this theory.
II. Equitable Defenses of Laches and Equitable 
Estoppel
¶26 As stated above, Defendants argue Estrada's action is barred by the 
doctrines of laches and equitable estoppel. "Estoppel and the equitable defense 
of laches each share the elements of delay [in bringing a lawsuit] and resulting 
prejudice to the other party. Equitable estoppel as well as laches must be 
determined by the circumstances in each case and according to right and 
justice." Sullivan v. Buckhorn Ranch P'ship, 2005 OK 41, ¶ 33, 119 P.3d 192 (footnotes omitted). 
At this stage of the proceedings, both doctrines are inappropriate grounds for 
the dismissal of Estrada's petition. Just as was the trial court below, in our 
review of this appeal we are charged with reviewing the petition, and with 
taking as true all of its allegations, together with all reasonable inferences 
which may be drawn from them. We are not charged with reviewing the unsupported 
factual allegations contained in Defendants' motion to dismiss. Estrada asserts 
in the petition that it obtained a judgment against Port City Properties, d/b/a 
Hodges Warehouse, in 2009; that it held an asset hearing in 2010; and that the 
Supreme Court affirmed in part and reversed in part the judgment in 2011. In 
2012, Estrada brought this action against Defendants based, in part, on the 
allegation that Port City "no longer ha[s] any assets, accounts or employees . . 
. ." We conclude no reasonable inference can be drawn at this time, and from the 
content of the petition alone, that an inexcusable delay has occurred resulting 
in prejudice to Defendants such that right and justice require the dismissal of 
the petition based on the equitable doctrines forwarded by Defendants.
CONCLUSION
¶27 Defendants filed a motion to dismiss "based upon [Estrada's] failure to 
plead [fraud] with particularity, the Doctrine of Laches and the Doctrine of 
Equitable Estoppel." Estrada's veil-piercing theory is not subject to dismissal 
on the basis of any failure to plead fraud with particularity. As to Estrada's 
theory asserted under the UFTA, based on allegations that Estrada obtained a 
judgment against an entity whose assets were transferred to avoid payment, this 
allegation is practically in the language of the UFTA and we conclude Estrada 
has successfully stated a claim which would entitle him to relief under the 
UFTA. Finally, the equitable doctrines asserted in the motion to dismiss are 
inappropriate bases upon which to dismiss the petition because no reasonable 
inference can be drawn at this time, and from the content of the petition alone, 
that an inexcusable delay has occurred resulting in prejudice to Defendants such 
that right and justice require dismissal. Consequently, we reverse the trial 
court's Order granting the motion to dismiss, and we remand for further 
proceedings.

¶28 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, P.J., and THORNBRUGH, J., concur.

FOOTNOTES

[1] 
Although we do not know the precise basis of the trial court's decision, we note 
that the Oklahoma Supreme Court, in Gay v. Akin, 1988 OK 150, ¶ 6 n.13, 766 P.2d 985, stated that a 
dismissal based upon "failure to plead fraud with sufficient particularity, as 
required by . . . § 2009(B), is treated as a dismissal for failure to state a 
claim." Appellate courts also review de novo a district court's dismissal 
for failure to state a claim. Miller v. Miller, 1998 OK 24, ¶ 15, 956 P.2d 887.

[2] We note 
that the Comprehensive Lawsuit Reform Act of 2009 - of which 12 O.S. 2011 § 2009(B) (i.e., as 
amended in 2009 and effective November 1, 2009) was a part - was held 
unconstitutional in its entirety in Douglas v. Cox Retirement Properties, 
Inc., 2013 OK 37, 302 P.3d 789. However, 
Douglas was decided after the filing of the petition in this case, and, 
in addition, the exact language contained in 12 O.S. 2011 § 2009(B) was reenacted 
in September, 2013, and is found in 12 O.S. Supp. 2014 § 2009.

[3] We note 
that the particularity requirement may not apply in the same manner or degree to 
averments of constructive fraud. See Union Nat. Bank of Little Rock v. 
Farmers Bank, Hamburg, Ark., 786 F.2d 881, 886 n.6 (8th Cir. 1986) ("[T]he 
degree of particularization required for a complaint alleging active fraud may 
be totally inappropriate in an action involving constructive fraud.") (citation 
omitted). See also DLJ Mortgage Capital, Inc. v. Kontogiannis, 594 F. 
SupP.2d 308, 330 (E.D.N.Y. 2009) ("Neither of these constructive fraud theories 
need be pleaded with particularity to survive a motion to dismiss.").

[4] In 
Akin, the Oklahoma Supreme Court stated:
In construing the Oklahoma Pleading Code's provisions which govern fraud 
allegations, and in determining the detail necessary to satisfy the 
"particularity" requirement, we are obliged to look to the Federal Rules of 
Civil Procedure - the progenitor of our pleading code. Since the text of Federal 
Rule 9(b) is incorporated verbatim in the Oklahoma pleading code, federal and 
state jurisprudence is instructive.
1988 OK 150, ¶ 8 (footnote 
omitted).

[5] This 
requirement is consistent with federal jurisprudence. For example,
Where a pleading does not satisfy the heightened requirements of Rule 9(b), 
the court should freely grant leave to amend. See Firestone [v. 
Firestone], 76 F.3d [1205, 1209 (D.C. Cir. 1996)] (recognizing that 
courts almost always grant leave to amend to cure deficiencies in pleading 
fraud). Accordingly, the court should reserve dismissal with prejudice for 
extreme situations where the pleader has had the opportunity to cure any 
deficiencies but either has not or cannot do so.
McQueen v. Woodstream Corp., 244 F.R.D. 26, 34 (D.D.C. 2007) (citation 
omitted) (internal quotation marks omitted).

[6] "[A] 
complaint should not be dismissed for failure to state a claim unless it appears 
beyond doubt that the plaintiff can prove no set of facts in support of his 
claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 
45-46 (1957) (footnote omitted).





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2013 OK CIV APP 43, 303 P.3d 911, LOPEZ v. ROLLINS
Discussed
 2013 OK CIV APP 90, 311 P.3d 1247, MULLER v. MULLER
Discussed
 2000 OK CIV APP 63, 6 P.3d 1076, 71 OBJ 1639, PENNMARK RESOURCES CO. v. OKLAHOMA CORP. COMM'N
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 150, 766 P.2d 985, 59 OBJ 3601, Gay v. Akin
Discussed at Length
 1989 OK 73, 775 P.2d 281, 60 OBJ 1202, Frazier v. Bryan Memorial Hosp. Authority
Discussed
 1993 OK 125, 861 P.2d 308, 64 OBJ 2971, Gianfillippo v. Northland Cas. Co.
Discussed
 1994 OK 129, 886 P.2d 984, 65 OBJ 3967, Burrows v. Burrows
Discussed
 1997 OK 37, 936 P.2d 916, 68 OBJ 1266, A-Plus Janitorial & Carpet Cleaning v. Employers' Workers' Compensation Assoc.
Discussed at Length
 1997 OK 103, 943 P.2d 1074, 68 OBJ 2550, LOCKHART v. LOOSEN
Discussed
 2004 OK 7, 85 P.3d 841, FANNING v. BROWN
Discussed at Length
 2004 OK 92, 112 P.3d 1154, HOWELL v. TEXACO, INC.
Discussed
 2005 OK 41, 119 P.3d 192, SULLIVAN v. BUCKHORN RANCH PARTNERSHIP
Discussed
 2012 OK 2, 270 P.3d 155, WILSON v. STATE ex rel. STATE ELECTION BOARD
Discussed
 2013 OK 34, 308 P.3d 1041, CROSLIN v. ENERLEX, INC.
Discussed
 2013 OK 37, 302 P.3d 789, DOUGLAS v. COX RETIREMENT PROPERTIES, INC.
Discussed
 2013 OK 100, 318 P.3d 206, TROXELL v. OKLAHOMA DEPT. OF HUMAN SERVICES
Discussed
 1998 OK 24, 956 P.2d 887, 69 OBJ 1172, MILLER v. MILLER
Discussed
 1999 OK 33, 987 P.2d 1185, 70 OBJ 1353, Patel v. OMH Medical Center, Inc.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2009, Pleading Special Matters
Discussed at Length
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Cited
Title 24. Debtor and Creditor
 Cite
Name
Level

 24 O.S. 116, Fraudulent Transfers to Creditors - Actual Intent
Cited